# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CHEROKEE NATION,<br>a federally recognized Indian Tribe,<br>17675 S. Muskogee Ave.<br>Tahlequah, OK 74464, | ) )<br>)<br>)<br>)<br>) | |
| THE CHICKASAW NATION,<br>a federally recognized Indian Tribe,<br>520 E. Arlington St.<br>Ada, OK 74820, | )<br>)<br>)<br>)<br>) | |
| THE CHOCTAW NATION,<br>a federally recognized Indian Tribe,<br>1802 Chukka Hina Dr.<br>Durant, OK 74701, and | )<br>)<br>)<br>)<br>) | |
| THE CITIZEN POTAWATOMI NATION,<br>a federally recognized Indian Tribe,<br>1601 S. Gordon Cooper Dr.<br>Shawnee, OK 74801, | )<br>)<br>)<br>)<br>)<br>) | |
|      Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:20-cv-02167 (TJK) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, DAVID BERNHARDT, in his official capacity as the Secretary of the Interior, TARA KATUK MAC LEAN SWEENEY, in her official capacity as the Assistant Secretary of the Interior – Indian Affairs, United States Department of the Interior,<br>1849 C Street N.W.<br>Washington, DC 20240, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| J. KEVIN STITT, in his official capacity as the Governor of the State of Oklahoma, and *ex rel.* STATE OF OKLAHOMA, as the real party in interest,<br>2300 N. Lincoln Blvd. #212<br>Oklahoma City, OK 73105, | )<br>)<br>)<br>)<br>)<br>)<br>) | |

WILLIAM NELSON, SR., in his official capacity      )
as the Chairman of the Business Committee of the   )
Comanche Nation,                                   )
583 NW Bingo Rd.                                   )
Lawton, OK 73507, and                              )
                                                   )
JOHN R. SHOTTON, in his official capacity as       )
the Chairman of the Tribal Council of the Otoe-    )
Missouria Tribe of Indians                         )
8151 Hwy 177                                       )
Red Rock, OK 74651,                                )
                                                   )
JOE BUNCH, in his official capacity as the Chief   )
of the United Keetoowah Band of Cherokee           )
Indians in Oklahoma                                )
18263 Keetoowah Cir.                               )
Tahlequah, OK 74464, and                           )
                                                   )
BRIAN GIVENS, in his official capacity as the      )
Mekko of the Kialegee Tribal Town                  )
100 Kialegee Dr.                                   )
Wetumka, OK 74883,                                 )
                                                   )
                                                   )
                Defendants.                        )

## ANSWER TO FIRST AMENDED AND SUPPLEMENTED COMPLAINT

Defendant J. Kevin Stitt, in his official capacity as Governor of the State of Oklahoma ("Governor Stitt") and the State of Oklahoma (the "State"), as the real party in interest who hereby adopts and ratifies the allegations, denials and admissions asserted herein (collectively hereafter Oklahoma and the State will be collectively referred to as "Oklahoma") and Governor Stitt hereby answers on behalf of Oklahoma and submits this Answer to the First Amended Complaint and Supplemented Complaint ("Amended Complaint"). [Dkt. No. 26].   All allegations contained in the Amended Complaint, whether express or implied, or contained in numbered paragraphs or un-numbered text or headings, are denied, except to the extent such allegations are specifically admitted in this Answer.

## I.     NATURE OF THE ACTION

1.      The allegations contained in Paragraph 1 of the Amended Complaint characterize the above-captioned civil action and relief requested by Plaintiffs, which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the actual statements or relief requested by Plaintiffs, the allegations are denied.  Moreover, to the extent that the paragraph can be construed to allege that Oklahoma has violated of federal law, such allegations are denied.

2.      Certain allegations contained in Paragraph 2 of the Amended Complaint characterize the above-captioned civil action and relief requested by Plaintiffs, IGRA (*e.g.,* 25 U.S.C. § 2710), and the new Comanche Nation, Otoe-Missouria Tribe of Indians, United Keetoowah Band of Cherokee Indians in Oklahoma (UKB) and  Kialegee Tribal Town (KTT) compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  Moreover, to the extent that the paragraph can be construed to allege that Oklahoma has violated of federal law, such allegations are denied.

3.      Oklahoma denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Oklahoma denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Oklahoma denies the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Oklahoma denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Oklahoma admits the allegations contained in Paragraph 7 of the Amended Complaint.

## II.    PARTIES

8.    Oklahoma admits the allegations contained in Paragraph 8 of the Amended Complaint.

9.    Oklahoma admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Oklahoma admits the allegations contained in Paragraph 10 of the Amended Complaint.

11.    Oklahoma admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Oklahoma admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.    In response to Paragraph 13 of the Amended Complaint, Oklahoma denies Defendant David Bernhardt is presently the Secretary of the Interior.

14.    In response to Paragraph 14 of the Amended Complaint, Oklahoma lacks sufficient knowledge to admit or deny that Defendant Tara Katuk Mac Lean Sweeney still serves in the capacity of Assistant-Secretary of Indian Affairs.  Oklahoma admits that the Bureau of Indian Affairs ("BIA") is an agency within the Department of the Interior.

15.    Oklahoma admits the allegations contained in Paragraph 15 of the Amended Complaint.

16.    Oklahoma admits that as of April 18, 2020, when the new Comanche compact was executed, William Nelson, Sr. was the Chairman of the Comanche Nation.  Oklahoma is without sufficient information to admit or deny who is currently the Chairman of the Comanche Nation.

17.     Oklahoma admits that as of April 18, 2020, when the new Otoe-Missouria compact was executed, John R. Shotton was the Chairman of the Otoe-Missouria.  Oklahoma is without sufficient information to admit or deny who is currently the Chairman of the Otoe-Missouria Nation.

18.     Oklahoma admits that as of July 1, 2020, when the new UKB compact was executed, Joe Bunch was Chief of the UKB.  Oklahoma is without sufficient information to admit or deny who is currently Chief of the UKB.

19.     Oklahoma admits that as of July 1, 2020, when the new KTT compact was executed, Brian Givens was Mekko of the KTT.  Oklahoma is without sufficient information to admit or deny who is currently Mekko of the KTT.

### III.     JURISDICTION AND VENUE

20.      Oklahoma admits Paragraph 20 of the Amended Complaint, as 28 U.S.C. § 1331 provides federal district courts with subject matter jurisdiction to adjudicate claims alleging a violation of the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701 *et seq.*  Oklahoma denies any remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.      Oklahoma admits Paragraph 21 of the Amended Complaint and does not dispute venue.

### IV.     FACT ALLEGATIONS

22.     The allegations contained in Paragraph 22 of the Amended Complaint characterize and quote *Amador Cty., Cal. v. Salazar*, 640 F.3d 373, 376 (D.C. Cir. 2011), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the cited case, the allegations are denied.

23.    The allegations contained in Paragraph 23 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2702(1) and (2)), which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

24.    The allegations contained in Paragraph 24 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2701, 2702, 2710), which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

25.    The allegations contained in Paragraph 25 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 5123) and a specific case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, including certain of Plaintiffs' characterizations here, the allegations are denied.

26.    The allegations contained in Paragraph 26 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2703, 2710, 2719), which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, including certain of Plaintiffs' characterizations here, the allegations are denied.

27.    The allegations contained in Paragraph 27 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2719), 25 C.F.R. § 292.2 and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

28.    Oklahoma denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     The allegations contained in Paragraph 29 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2202, 5105, 5108, 5203) and 25 C.F.R. §§ 151.2 and 292.2, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

30.      The allegations contained in Paragraph 30 of the Amended Complaint characterize or quote 25 C.F.R. §§ 151.3 and 151.8, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

31.     The allegations contained in Paragraph 31 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2703 and 2710), and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

32.     The allegations contained in Paragraph 32 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2703 and 2710), and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

33.     The allegations contained in Paragraph 33 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

34.     The allegations contained in Paragraph 34 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

35.     The allegations contained in Paragraph 35 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

36.     The allegations contained in Paragraph 36 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

37.     The allegations contained in Paragraph 37 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

38.     The allegations contained in Paragraph 38 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

39.     The allegations contained in Paragraph 39 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. §§ 2710 and 2711), and 25 C.F.R. § 533.1, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

40.     The allegations contained in Paragraph 40 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

41.     The allegations contained in Paragraph 41 of the Amended Complaint characterize or quote various cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

42.      The allegations contained in Paragraph 42 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

43.     The allegations contained in Paragraph 43 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

44.     The allegations contained in Paragraph 44 of the Amended Complaint characterize or quote 25 C.F.R. § 293.7, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

45.     The allegations contained in Paragraph 45 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

46.     The allegations contained in Paragraph 46 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710) and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

47.     The allegations contained in Paragraph 47 of the Amended Complaint characterize or quote subsections of IGRA (*i.e.*, 25 U.S.C. § 2710) and a case, which speak for themselves. To

the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

48.     The allegations contained in Paragraph 48 of the Amended Complaint characterize or quote a case, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

49.     Upon information and belief, and in light of Plaintiffs' express representations, Oklahoma generally admits the allegations contained in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Oklahoma states that it has no specific reason to dispute the allegations and representations contained therein but is without knowledge or information sufficient to admit or deny such allegations as to all gaming activities conducted by Plaintiffs on their Indian lands.

51.     Upon information and belief, and in light of Plaintiffs' express representations, Oklahoma generally admits the allegations contained in Paragraph 51 of the Amended Complaint.

52.     In response to the allegations contained in Paragraph 52 of the Amended Complaint, Oklahoma admits, in May of 2004, the Oklahoma Legislature approved sending the STGA Act to a vote of the people as "State Question 712," which passed on November 2, 2004. The remaining allegations contained in Paragraph 52 of the Amended Complaint characterize or quote portions of the STGA and the Oklahoma Horse Racing Act, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

53.     The allegations contained in Paragraph 53 of the Amended Complaint characterize or quote the STGA, SQ 712 and cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

54.     The allegations contained in Paragraph 54 of the Amended Complaint characterize or quote portions of the STGA and the Oklahoma Horse Racing Act, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

55.     The allegations contained in Paragraph 55 of the Amended Complaint characterize or quote the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

56.     Oklahoma admits the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Oklahoma admits the Otoe-Missouria Tribe, Comanche Nation and KTT accepted the State's offer as set forth in the Model Compact, and by doing so, entered into a compact (hereafter, the "Compact") with the State pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* Oklahoma further admits that the Otoe-Missouria Tribe, Comanche Nation and KTT entered into new agreements with the State that superseded their prior compacts.

58.     Oklahoma denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Oklahoma admits the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Oklahoma admits the allegations contained in Paragraph 60 of the Amended Complaint related to approval of the Plaintiffs' compacts and also the July 28, 2020 Order of the Western District of Oklahoma in Case No. CIV-19-1198, to the extent Plaintiffs' allegations are consistent with those documents. Oklahoma denies any remaining allegations contained in Paragraph 60 of the Amended Complaint.

61.     Oklahoma generally admits the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Oklahoma admits the allegations contained in the first sentence of Paragraph 62 of the Amended Complaint.   The remainder of the allegations contained in Paragraph 62 purport to quote or characterize the "Comanche Approval Letter," which speaks for itself, and to which no response is required.   To the extent that such allegations mischaracterize or misquote the referenced materials, such allegations are denied.

63.     The allegations contained in Paragraph 63 of the Amended Complaint characterize or quote the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

64.     The allegations contained in Paragraph 64 of the Amended Complaint characterize or quote the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

65.     The allegations contained in Paragraph 65 of the Amended Complaint characterize or quote the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

66.     Oklahoma admits that on August 11, 2005 and thereafter, the Oklahoma Horse Racing Commission issued permits to certain Oklahoma horse racetracks to operate and that certain electronic gaming was authorized under Oklahoma law, as reflected in the July 28, 2020 Order of the Western District of Oklahoma in Case No. CIV-19-1198, at such racetracks.   The remaining allegations contained in Paragraph 66 of the Amended Complaint characterize or quote the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

67.     In response to Paragraph 67 of the Amended Complaint, Oklahoma admits the existence of significant economic advantage and competition related to tribal gaming.  Oklahoma is without knowledge of Plaintiffs' own financial concerns or their purported reliance on action by the Secretary of the Interior and thus such allegations are denied.

68.     Oklahoma admits the allegations contained in Paragraph 68 of the Amended Complaint as to amendments of the referenced compacts.  Oklahoma denies any remaining allegations contained in Paragraph 68 of the Amended Complaint.

69.     The allegations contained in Paragraph 69 of the Amended Complaint characterize various filings and the Court's order in *Cherokee Nation v. Stitt,* 2020 WL 4340549, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

70.     Oklahoma lacks sufficient knowledge or information to answer the allegations contained in Paragraph 70 of the Amended Complaint, and thus denies the same.

71.     The allegations contained in Paragraph 71 of the Amended Complaint assert legal conclusions to which no response is required.  Moreover, allegations contained in this paragraph characterize or quote IGRA (*e.g.,* 25 U.S.C. §§ 2702 and 2710), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

72.     Oklahoma is without knowledge of what reliance Plaintiffs may or may not place on actions or obligations placed on the Secretary of the Interior.  Moreover, the remaining allegations contained in Paragraph 72 of the Amended Complaint characterize or quote subsections of IGRA (*e.g.,* 25 U.S.C. §§ 2702) and 25 U.S.C. § 5123, which speak for themselves. To the

extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

73.     Oklahoma admits the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Oklahoma admits the allegations contained in Paragraph 74 of the Amended Complaint.

75.      Oklahoma denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Oklahoma admits the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Oklahoma admits the allegations contained in Paragraph 77 of the Amended Complaint, but denies Plaintiffs' suggestion that the contracting parties were required to submit copies of their settlement agreements for review by the court or otherwise disclose the other terms of their settlement agreements.

78.     The allegations contained in Paragraph 78 of the Amended Complaint quote and characterize a particular filing in *Cherokee Nation v. Stitt*, 2020 WL 4340549, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

79.      The allegations contained in Paragraph 79 of the Amended Complaint quote and characterize a particular order in *Cherokee Nation v. Stitt*, 2020 WL 4340549, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

80.     The allegations contained in Paragraph 80 of the Amended Complaint quote and characterize a particular letter, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

81.     In response to Paragraph 81 of the Amended Complaint, Oklahoma admits that on April 23, 2020, the Comanche and Otoe-Missouria submitted their new compacts to the Secretary of the Interior for review under IGRA.  Oklahoma further admits that in submitting the Compact, the Comanche and Otoe-Missouria represented that the Compact was legally entered into and that they granted consent to the Secretary to review the Compact.  Oklahoma further denies any remaining allegations contained in Paragraph 81 of the Amended Complaint.

82.     The allegations contained in Paragraph 82 of the Amended Complaint quote and characterize a particular legal memorandum, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

83.     Oklahoma admits that certain tribes submitted comments to the Secretary of the Interior regarding the new compacts.  The remaining allegations contained in Paragraph 83 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

84.     The allegations contained in Paragraph 84 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

85.      The allegations contained in Paragraph 85 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

86.     The allegations contained in Paragraph 86 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

87.     The allegations contained in Paragraph 87 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

88.     The allegations contained in Paragraph 88 of the Amended Complaint quote and characterize various letters and submissions, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

89.     Oklahoma admits that the Oklahoma Attorney General submitted comments to the Secretary.  The remaining allegations contained in Paragraph 89 of the Amended Complaint quote and characterize the submission and an attached Oklahoma Attorney General opinion, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

90.     The allegations contained in Paragraph 90 of the Amended Complaint quote and characterize the submission of the Oklahoma Attorney General, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

91.     In response to Paragraph 91 of the Amended Complaint, Oklahoma admits that the President Pro Tempore of the Oklahoma Senate and the Speaker of the Oklahoma House of Representatives filed an action in the Oklahoma Supreme Court.  Oklahoma denies any remaining allegations contained in Paragraph 91 of the Amended Complaint.

92.     In response to Paragraph 92 of the Amended Complaint, Oklahoma admits that the Secretary of the Interior did not explicitly approve or disapprove the new compacts within the forty-five day period provided by 25 U.S.C. § 2710(d)(8)(C), and thus the new compacts were thus deemed to have been approved under applicable law.  Oklahoma denies the remaining allegations contained in this paragraph.

93.     Oklahoma admits the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Paragraph 94 of the Amended Complaint asserts a legal conclusion to which no response is required.  Moreover, the allegations contained in Paragraph 94 of the Amended Complaint quote and characterize 5 U.S.C. § 704 and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

95.     Oklahoma admits the allegations contained in Paragraph 95 of the Amended Complaint.

96.     The allegations contained in Paragraph 96 of the Amended Complaint quote and characterize the Oklahoma Supreme Court decision in *Treat v. Stitt*, 2020 OK 64 ("*Treat I*"), which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

97.     The allegations contained in Paragraph 97 of the Amended Complaint quote and characterize the Oklahoma Supreme Court decision in *Treat I,* which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

98.     Oklahoma denies the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Oklahoma denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.    The allegations contained in Paragraph 100 of the Amended Complaint quote and characterize various pleadings filed in *Cherokee Nation v. Stitt,* CIV-19-1198-D, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

101.    Oklahoma admits the allegations contained in the first sentence of Paragraph 101 of the Amended Complaint.  The remaining allegations contained in Paragraph 101 of the Amended Complaint quote and characterize various compacts and press releases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

102.    The allegations contained in Paragraph 102 of the Amended Complaint quote and characterize various submissions to the Secretary of the Interior, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

103.    Oklahoma admits that the President Pro Tempore of the Oklahoma Senate and the Speaker of the Oklahoma House of Representatives filed an action in the Oklahoma Supreme Court.  *Treat v. Stitt,* No. 118913 (*Treat II*).  The remaining allegations contained in Paragraph 103 of the Amended Complaint quote and characterize pleadings in the case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

104.     The allegations contained in Paragraph 104 of the Amended Complaint are denied.

105.     In response to Paragraph 105 of the Amended Complaint, Oklahoma admits that the Secretary of the Interior did not explicitly approve or disapprove the new compacts within the forty-five day period provided by 25 U.S.C. § 2710(d)(8)(C), and thus the new compacts were thus deemed to have been approved.  The remaining allegations contained in Paragraph 105 of the Amended Complaint quote and characterize a press release, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

106.     The allegations contained in Paragraph 106 of the Amended Complaint are admitted.

107.     The allegations contained in Paragraph 107 of the Amended Complaint are denied.

108.     The allegations contained in Paragraph 108 of the Amended Complaint are denied.

109.     The allegations contained in Paragraph 109 of the Amended Complaint are denied.

110.      The allegations contained in Paragraph 110 of the Amended Complaint quote and characterizes a particular case, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

111.     To the extent the allegations contained in Paragraph 111 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2710), the referenced materials speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  Additionally, the remaining allegations contained in Paragraph 111 of the Amended Complaint are denied.

112.     In response to the allegations contained Paragraph 112 of the Amended Complaint, Oklahoma admits that the named tribes submitted the new compacts to the Secretary of the Interior

19

on the identified dates.  To the extent the allegations contained in Paragraph 112 of the Amended Complaint quote or characterize 25 C.F.R. § 293.7, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

113.    The allegations contained in Paragraph 113 of the Amended Complaint quote and characterize the Oklahoma Constitution, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

114.    The allegations contained in Paragraph 114 of the Amended Complaint quote and characterize the Oklahoma Constitution and certain cases, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

115.    The allegations contained in Paragraph 115 of the Amended Complaint quote and characterize the Oklahoma Constitution, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

116.    The allegations contained in Paragraph 116 of the Amended Complaint quote and characterize the Oklahoma Constitution and various Oklahoma statutes, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

117.    The allegations contained in Paragraph 117 of the Amended Complaint quote and characterize 74 O.S. § 1221, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

118.    The allegations contained in Paragraph 118 of the Amended Complaint quote and characterize 74 O.S. § 1221 and *Treat I*, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

119.    The allegations contained in Paragraph 119 of the Amended Complaint quote and characterize the STGA and *Treat I*, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  Oklahoma specifically denies that he did not follow the appropriate procedure in executing the new compacts.

120.    The allegations contained in Paragraph 120 of the Amended Complaint quote and characterize the STGA, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

121.    The allegations contained in Paragraph 121 of the Amended Complaint quote and characterize portions of the decision in *Treat I*, which speaks for itself. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

122.    The allegations contained in Paragraph 122 of the Amended Complaint are denied.

123.    The allegations contained in Paragraph 123 of the Amended Complaint are denied.

124.    Certain allegations contained in Paragraph 124 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2710) and 25 C.F.R. § 293.7, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 124 of the Amended Complaint are denied.

125.    The allegations contained in Paragraph 125 of the Amended Complaint are denied.

126.    The allegations contained in Paragraph 126 of the Amended Complaint are denied.

127.    Certain allegations contained in Paragraph 127 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2710), which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

In all other aspects, the allegations contained in Paragraph 127 of the Amended Complaint are denied.

128.    Certain allegations contained in Paragraph 128 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2702), 25 U.S.C. § 5123, and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 128 of the Amended Complaint are denied.

129.    Certain allegations contained in Paragraph 129 of the Amended Complaint quote and characterize various cases, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 129 of the Amended Complaint are denied.

130.    Oklahoma denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.    The allegations contained in Paragraph 131 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2710), which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

132.    The allegations contained in Paragraph 132 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2710), which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

133.    The allegations contained in Paragraph 133 of the Amended Complaint quote and characterize the STGA and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

134.     The allegations contained in Paragraph 134 of the Amended Complaint quote and characterize portions of the STGA, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

135.     The allegations contained in Paragraph 135 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

136.     The allegations contained in Paragraph 136 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

137.     The allegations contained in Paragraph 137 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

138.     The allegations contained in Paragraph 138 of the Amended Complaint quote and characterize portions of the STGA and Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

139.     Oklahoma denies the allegations contained in Paragraph 139 of the Amended Complaint.

140.     Oklahoma denies the allegations contained in Paragraph 140 of the Amended Complaint.

141.    The allegations contained in Paragraph 141 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

142.    Certain allegations contained in Paragraph 142 of the Amended Complaint quote and characterize IGRA (*e.g.,* 25 U.S.C. § 2703 and 2710) and the Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 142 of the Amended Complaint are denied.

143.    The allegations contained in Paragraph 143 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

144.    The allegations contained in Paragraph 144 of the Amended Complaint quote and characterize portions of the Comanche Nation and Otoe-Missouria Tribe Agreements, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

145.    Certain allegations contained in Paragraph 145 of the Amended Complaint quote and characterize the STGA, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 145 of the Amended Complaint are denied.

146.    Oklahoma denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.     Certain allegations contained in Paragraph 147 of the Amended Complaint quote and characterize the Comanche and Otoe-Missouria compacts which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 147 of the Amended Complaint are denied.

148.     Certain allegations contained in Paragraph 148 of the Amended Complaint quote and characterize the STGA, which speak for themselves.   To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 148 of the Amended Complaint are denied.

149.     The allegations contained in Paragraph 149 of the Amended Complaint quote and characterize 25 C.F.R. § 293.4, which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

150.     Oklahoma denies the allegations contained in Paragraph 150 of the Amended Complaint.

151.     Certain allegations contained in Paragraph 151 quote and characterize a report, which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 151 of the Amended Complaint are denied.

152.     Certain allegations contained in Paragraph 152 of the Amended Complaint quote or characterize IGRA (*e.g.,* 25 U.S.C. § 2710) and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  In all other aspects, the allegations contained in Paragraph 152 of the Amended Complaint are denied.

153.    The allegations contained in Paragraph 153 of the Amended Complaint are denied.

154.    The allegations contained in Paragraph 154 of the Amended Complaint quote and characterize portions of the former Comanche Nation and Otoe-Missouria and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

155.    The allegations contained in Paragraph 155 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

156.    The allegations contained in Paragraph 156 of the Amended Complaint quote or characterize portions of the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

157.    The allegations contained in Paragraph 157 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

158.    The allegations contained in Paragraph 158 of the Amended Complaint quote or characterize portions of the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

159.    The allegations contained in Paragraph 159 of the Amended Complaint are denied.

160.    The allegations contained in Paragraph 160 of the Amended Complaint quote or characterize portions of the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

161.    The allegations contained in Paragraph 161 of the Amended Complaint quote or characterize portions of the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

162.    Certain allegations contained in Paragraph 162 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and the new Comanche Nation, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 162 of the Amended Complaint are denied.

163.    Certain allegations contained in Paragraph 163 of the Amended Complaint characterize a newspaper article, which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  Oklahoma admits that it is anticipated that the Comanche Nation and Otoe-Missouria may pay a smaller percentage of exclusivity fees under their new compacts related to certain gaming for certain time periods at certain facilities. The remaining allegations contained in Paragraph 163 of the Amended Complaint are denied.

164.    The allegations contained in Paragraph 164 of the Amended Complaint quote or characterize portions of the new Comanche Nation, and Otoe-Missouria compacts, which speak

for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

165.     Certain allegations contained in Paragraph 165 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2703 and 2710), which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 165 of the Amended Complaint are denied.

166.     Certain allegations contained in Paragraph 166 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 166 of the Amended Complaint are denied.

167.     The allegations contained in Paragraph 167 of the Amended Complaint are denied.

168.     The allegations contained in Paragraph 168 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

169.     With the exception of the second and final sentence, Oklahoma admits the allegations contained in Paragraph 169 of the Amended Complaint. The remaining allegations contained in Paragraph 169 of the Amended Complaint are denied.

170.     The allegations contained in Paragraph 170 of the Amended Complaint quote or characterize portions of the former KTT compact and the Model Compact, which speak for

themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

171.    The allegations contained in Paragraph 171 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

172.    The allegations contained in Paragraph 172 of the Amended Complaint quote or characterize portions of the new UKB compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

173.    The allegations contained in Paragraph 173 of the Amended Complaint quote or characterize portions of the new KTT compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

174.    The allegations contained in Paragraph 174 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

175.    The allegations contained in Paragraph 175 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts and the Model Compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

176.    The allegations contained in Paragraph 176 of the Amended Complaint quote or characterize portions of the new Comanche, UKB and KTT compacts, which speak for themselves.

To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

177.    The allegations contained in Paragraph 177 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

178.    The allegations contained in Paragraph 178 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

179.    The allegations contained in Paragraph 179 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

180.    Certain allegations contained in Paragraph 180 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 180 of the Amended Complaint are denied.

181.    Certain allegations contained in Paragraph 181 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710), which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations

are denied.  The remaining allegations contained in Paragraph 181 of the Amended Complaint are denied.

182.    The allegations contained in Paragraph 182 of the Amended Complaint are denied.

183.    The allegations contained in Paragraph 183 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

184.    Certain allegations contained in Paragraph 184 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 184 of the Amended Complaint are denied.

185.    Certain allegations contained in Paragraph 185 of the Amended Complaint quote or characterize portions of various cases, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 185 of the Amended Complaint are denied.

186.    Certain allegations contained in Paragraph 186 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2702 and 2710) and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 186 of the Amended Complaint are denied.

187.    The allegations contained in Paragraph 187 of the Amended Complaint are denied.

188.    The allegations contained in Paragraph 188 of the Amended Complaint are denied.

189.    The allegations contained in Paragraph 189 of the Amended Complaint characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

190.    The allegations contained in Paragraph 190 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

191.    The allegations contained in Paragraph 191 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

192.    The allegations contained in Paragraph 192 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

193.    The allegations contained in Paragraph 193 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

194.    The allegations contained in Paragraph 194 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the

extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

195.     The allegations contained in Paragraph 195 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

196.     The allegations contained in Paragraph 196 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

197.     The allegations contained in Paragraph 197 of the Amended Complaint quote or characterize portions of the new UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

198.     The allegations contained in Paragraph 198 of the Amended Complaint are denied.

199.     Certain allegations contained in Paragraph 199 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and a case, which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 199 of the Amended Complaint are denied.

200.     The allegations contained in Paragraph 200 of the Amended Complaint are denied.

201.     Certain allegations contained in Paragraph 201 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2703, 2710) and 25 C.F.R. § 292.2, which

speak for themselves.   To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 201 of the Amended Complaint are denied.

202.    The allegations contained in Paragraph 202 of the Amended Complaint quote or characterize portions of 25 U.S.C. §§ 2202, 5105, 5108, 5203 and 25 C.F.R. §§ 151.3, 151.8 and 292.2, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

203.    The allegations contained in Paragraph 203 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2719) and 25 C.F.R. § 292.2, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

204.    The allegations contained in Paragraph 204 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

205.    The allegations contained in Paragraph 205 of the Amended Complaint quote or characterize portions of the new Comanche and Otoe-Missouria compacts, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

206.    Certain allegations contained in Paragraph 206 of the Amended Complaint quote or characterize portions of the new Comanche compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are

denied.  The remaining allegations contained in Paragraph 206 of the Amended Complaint are denied.

207.   Paragraph 207 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 207 of the Amended Complaint.

208.   Paragraph 208 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 208 of the Amended Complaint.

209.   Paragraph 209 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 209 of the Amended Complaint.

210.   Certain allegations contained in Paragraph 210 of the Amended Complaint quote or characterize portions of the new Otoe-Missouria compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 210 of the Amended Complaint are denied.

211.   Paragraph 211 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations contained in Paragraph 211 of the Amended Complaint.

212.    Paragraph 212 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations contained in Paragraph 212 of the Amended Complaint.

213.    Paragraph 213 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations contained in Paragraph 213 of the Amended Complaint.

214.    Oklahoma is without sufficient information to admit or deny the allegations contained in Paragraph 214 of the Amended Complaint and thus denies the same.

215.    The allegations contained in Paragraph 215 of the Amended Complaint quote or characterize portions of the new UKB compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

216.    Paragraph 216 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations contained in Paragraph 216 of the Amended Complaint.

217.    Paragraph 217 of the Amended Complaint asserts legal conclusions and otherwise purports to quote or characterize a legal document, to which no response is required because that document speaks for itself.  To the extent a response is required, Oklahoma lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 217 of the Amended Complaint, and such allegations therefore are denied.

218.    The allegations contained in Paragraph 218 of the Amended Complaint quote or characterize portions of the new KTT compact, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

219.   Paragraph 219 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations contained in Paragraph 219 of the Amended Complaint.

220.   Paragraph 220 of the Amended Complaint asserts legal conclusions and otherwise purports to quote or characterize a legal document, to which no response is required because that document speaks for itself.  To the extent a response is required, Oklahoma lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 220 of the Amended Complaint, and such allegations therefore are denied.

221.   The allegations contained in Paragraph 221 of the Amended Complaint quote or characterize 25 C.F.R. § 151.11, which speaks for itself.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

222.   The allegations contained in Paragraph 222 of the Amended Complaint are denied.

223.   The allegations contained in Paragraph 223 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2710 and 2711), which speak for themselves. To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

224.   Paragraph 224 of the Amended Complaint asserts legal conclusions and quotes or characterize various cases, which speak for themselves.  To the extent and response is required or the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 224 of the Amended Complaint are denied.

225.   Paragraph 225 of the Amended Complaint asserts legal conclusions, to which no response is required.  To the extent a response is required, Oklahoma denies the allegations

contained in Paragraph 225 of the Amended Complaint.  The remaining allegations contained in Paragraph 225 of the Amended Complaint are denied.

226.    Certain allegations contained in Paragraph 226 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2710, 2719 and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 226 of the Amended Complaint are denied.

227.    The allegations contained in Paragraph 227 of the Amended Complaint are denied.

228.    The allegations contained in Paragraph 228 of the Amended Complaint are denied.

229.    The allegations contained in Paragraph 229 of the Amended Complaint are denied.

230.    Certain allegations contained in Paragraph 230 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. §§ 2702, 2710) and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.  The remaining allegations contained in Paragraph 230 of the Amended Complaint are denied.

231.    The allegations contained in Paragraph 231 of the Amended Complaint are denied.

## FIRST CAUSE OF ACTION

232.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

233.    The allegations contained in Paragraph 233 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710) and 25 C.F.R. 293.7, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

234.    The allegations contained in Paragraph 234 of the Amended Complaint are denied.

235.    The allegations contained in Paragraph 235 of the Amended Complaint are denied.

**SECOND CAUSE OF ACTION**

236.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

237.    The allegations contained in Paragraph 237 of the Amended Complaint quote or characterize portions of IGRA and a case, which speak for themselves.  To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

238.    The allegations contained in Paragraph 238 of the Amended Complaint are denied.

239.    The allegations contained in Paragraph 239 of the Amended Complaint are denied.

240.    The allegations contained in Paragraph 240 of the Amended Complaint are denied.

**THIRD CAUSE OF ACTION**

241.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

242.    The allegations contained in Paragraph 242 of the Amended Complaint are denied.

243.    The allegations contained in Paragraph 243 of the Amended Complaint are denied.

244.    The allegations contained in Paragraph 244 of the Amended Complaint are denied.

**FOURTH CAUSE OF ACTION**

245.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

246.    The allegations contained in Paragraph 246 of the Amended Complaint quote or characterize portions of IGRA (*e.g.,* 25 U.S.C. § 2710), which speak for themselves.  To the extent

the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

247.    The allegations contained in Paragraph 247 of the Amended Complaint are denied.

248.    The allegations contained in Paragraph 248 of the Amended Complaint are denied.

249.    The allegations contained in Paragraph 249 of the Amended Complaint are denied.

250.    The allegations contained in Paragraph 250 of the Amended Complaint are denied.

**FIFTH CAUSE OF ACTION**

251.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

252.    The allegations contained in Paragraph 252 of the Amended Complaint are denied.

253.    The allegations contained in Paragraph 253 of the Amended Complaint are denied.

254.    The allegations contained in Paragraph 254 of the Amended Complaint are denied.

255.    The allegations contained in Paragraph 255 of the Amended Complaint are denied.

256.    The allegations contained in Paragraph 256 of the Amended Complaint are denied.

**SIXTH CAUSE OF ACTION**

257.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

258.    The allegations contained in Paragraph 258 of the Amended Complaint quote or characterize portions of the new Comanche, Otoe-Missouria, UKB and KTT compacts, which speak for themselves.   To the extent the allegations are incomplete or inconsistent with the referenced materials, the allegations are denied.

259.    The allegations contained in Paragraph 259 of the Amended Complaint are denied.

260.    The allegations contained in Paragraph 260 of the Amended Complaint are denied.

261.    The allegations contained in Paragraph 261 of the Amended Complaint are denied.

## SEVENTH CAUSE OF ACTION

262.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

263.    The allegations contained in Paragraph 263 of the Amended Complaint are denied.

264.    The allegations contained in Paragraph 264 of the Amended Complaint are denied.

265.    The allegations contained in Paragraph 265 of the Amended Complaint are denied.

## EIGHTH CAUSE OF ACTION

266.    Oklahoma re-alleges and incorporates by reference each and every response of this Answer as though fully set forth herein.

267.    The allegations contained in Paragraph 267 of the Amended Complaint are denied.

268.    The allegations contained in Paragraph 268 of the Amended Complaint are denied.

269.    In response to Plaintiffs' "PRAYER FOR RELIEF," Oklahoma denies that Plaintiffs are entitled to any relief and, on that basis, denies any and all allegations contained in the "PRAYER FOR RELIEF."

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Oklahoma sets forth the following affirmative and other defenses.  Oklahoma reserves the right to assert, amend or withdraw any and all defenses allowable by law and/or that may become available.  Oklahoma does not presently know all facts respecting the allegations by, and conduct of, Plaintiffs sufficient to state all affirmative defenses at this time. Accordingly, Oklahoma reserves the right to amend this Answer or otherwise assert additional affirmative defenses should he later discover facts demonstrating the existence of additional affirmative defenses.

1.      The Amended Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a claim upon which relief can be granted, and Plaintiffs are not entitled to any of the relief requested.

2.      Plaintiffs' claims fail to join an indispensable party.

3.      Certain or all of Plaintiffs' claims against Oklahoma may be barred by sovereign immunity and/or qualified immunity.

4.      Governor Stitt and the State may be shielded from liability for the claims asserted, and the doctrine of *Ex parte Young* is inapplicable to the claims alleged to alter such immunity.

5.      Plaintiffs' Amended Complaint seeks no relief against Governor Stitt or Oklahoma, and Plaintiffs are not entitled to any relief from Oklahoma.  Plaintiffs' claims represent an improper third-party attack on the rights of other sovereigns to contract under applicable law.

6.      Plaintiffs do not assert a legally cognizable claim under IGRA because Plaintiffs' claims do not fall within the expressly authorized causes of action enumerated in the applicable statutes.

7.      Plaintiffs do not have a private cause of action for the claims asserted.

8.      The Court may not have subject matter for the claims asserted.

9.      Plaintiffs' claims are barred, in whole or in part, because Oklahoma's conduct was in good faith at all times.

10.      Plaintiffs' claims are barred, in whole or in part, because the alleged injuries or damage alleged in the Amended Complaint, if any, were caused wholly or in part by the conduct, acts, omissions, and/or fault of third parties other than Oklahoma.

11.      Plaintiffs' claims are barred, in whole or in part, because of the doctrine of unclean hands.

12.     Plaintiffs would be substantially and unjustly enriched if allowed to recover on the Amended Complaint.

13.     The relief that Plaintiffs seek in voiding the entire compacts at issue is impermissible.  The severability clause in the compacts permit this Court to sever any invalid provisions from the compacts.

14.     Plaintiffs' claims are barred by the doctrine of laches.

15.     Plaintiffs are estopped from asserting claims against Oklahoma.

16.     Plaintiffs lack requisite standing to bring their claims, in whole or in part.

17.     Plaintiffs are not entitled to any award of attorneys' fees or costs.

18.     Oklahoma hereby incorporates by reference and realleges, as if set forth in full, all other affirmative defenses raised by other defendants.

WHEREFORE, Oklahoma respectfully requests that this Court (1) enter judgment in its favor, (2) dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, (3) award Oklahoma reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and (4) award such other relief as may be appropriate.

Respectfully submitted,

/s/ S. Mohsin Reza
S. Mohsin Reza (DC Bar No. 985270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004
Phone: (202) 274-1927
Fax: (703) 448-6510
Email:  mohsin.reza@troutman.com

David N. Anthony (*to seek admission pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point, Suite 1500
Richmond, VA  23219
Telephone:  804.697.5410
Facsimile:  804.698.5118
Email: david.anthony@troutman.com

Phillip G. Whaley (*to seek admission pro hac vice*)
Daniel G. Webber, Jr. (*to seek admission pro hac vice*)
Patrick R. Pearce, Jr. (*to seek admission pro hac vice*)
Matthew C. Kane (*to seek admission pro hac vice*)
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:     (405) 239-6040
Facsimile:      (405) 239-6766
Email:          pwhaley@ryanwhaley.com
                dwebber@ryanwhaley.com
                rpearce@ryanwhaley.com
                mkane@ryanwhaley.com

Jason Reese (*to seek admission pro hac vice*)
State of Oklahoma, Office of the Governor
2300 N. Lincoln Boulevard, Suite 212
Oklahoma City, OK  73105
Telephone:     (405) 521-2342
Email: Jason.Reese@gov.ok.gov

*Attorneys for Defendants,*
*J. KEVIN STITT, in his official capacity as the Governor of*
*the State of Oklahoma, and ex rel. STATE OF OKLAHOMA,*
*as the real party in interest*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I electronically filed the above and foregoing document with the Clerk of Court via the ECF System, which will send a notice of electronic filing to all registered users.

/s/ S. Mohsin Reza
S. Mohsin Reza, DC Bar No. 985270