**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CHEROKEE NATION, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. 1:20-cv-02167 (TJK) |

**NOTICE OF RECENT DECISION**

On February 10, 2022 Judge Contreras of this District issued a decision in *Stonehill v. United States Department of Justice Tax Division*, No. 1:19-cv-03770, available at 2022 WL 407145 ("*Stonehill*") that is also attached to this Notice. In *Stonehill,* the court considered whether a prior stipulation of dismissal with prejudice of claims regarding a prior Freedom of Information Act ("FOIA") request is a final judgment on the merits for claim preclusion purposes, ruling that:

> the weight of authority in this district suggests that a stipulation of dismissal with prejudice under Rule 41(a) is a final judgment on the merits for the purpose of claim preclusion. *See Burns v. Fincke*, 197 F.2d 165, 166 (D.C. Cir. 1952) (construing the praecipes filed in a prior suit as stipulations of voluntary dismissal under Rule 41(a) and stating that since they "provide[d] for dismissal with prejudice, the first action is res judicata of the matters covered by the cause of action"); *Tembec* [*Inc. v. United States*], 570 F. Supp. 2d [137,] 141 [D.D.C. 2008]] ("[A] stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1) is a final adjudication on the merits that bars future suits based on the same cause of action."); *Doherty v. Turner Broad. Sys., Inc*., No. 1:20-cv-00134, 2021 WL 326447, at *3 (D.D.C. Feb. 1, 2021) ("[E]ach of the stipulations of dismissal with prejudice in Doherty's two prior suits constitutes a final judgment on the merits."); *see also Citibank, N.A. v. Data Lease Fin. Corp*., 904 F.2d 1498, 1501-02 (11th Cir. 1990) (holding that "a stipulation of dismissal with prejudice ... at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action") (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367 at 185-86 & n.36 (1971 & Supp. 1989)).

1

*Id.* at *6 (citations and footnote omitted); *id.* at *6 n.8 ("This Court follows the weight of precedent in determining that a stipulation of dismissal with prejudice under Rule 41(a) 'bars future suits based on the same cause of action'" (quoting *Tembec*, 570 F Supp. 2d at 141)). In response to the argument that the stipulated dismissal was based on a settlement, the court held that in such instances, "it is the terms of the settlement rather than the original complaint that define the outer limits of the preclusive effect." *Id.* at *7 (citations omitted).[1] These holdings apply to this case.

*Stonehill* confirms that Defendant Chairman Woommavovah is wrong to contend that the Comanche Nation may rely on its former compact to conduct gaming (and therefore Plaintiff Nations lack standing to attack the Comanche Agreement) and that the Comanche Nation is not precluded from such reliance by the dismissal with prejudice of the Comanche Nation's claim in *Cherokee Nation v. Stitt,* 475 F. Supp. 3d 1277 (W.D. Okla. 2020), that its former compact automatically renewed on January 1, 2020 for a fifteen-year term. *See* Def. Mark Woommavovah's Mem. Supp. Mot. to Dismiss, ECF No. 107-1, at 24-25; Reply in Supp. Chairman Woommavovah's Mot. to Dismiss, ECF No. 121, at 10-11. That Defendant Chairman Woommavovah is wrong is underscored by the fact that the dismissal with prejudice in *Cherokee Nation v. Stitt* was a term of the parties' settlement agreement.

The court in *Cherokee Nation v. Stitt* granted on April 24, 2020 the Joint Motion for Leave of Court to File Stipulations of Dismissals With Prejudice pursuant to Fed. R. Civ. P. 41(a)(2) filed by Comanche Nation, Otoe-Missouria Tribe, and Defendant Governor Stitt, ordering "that the actions of Plaintiff/Intervenor The Comanche Nation against Defendants . . . including all claims and counterclaims between these parties, are **DISMISSED WITH PREJUDICE**." Order,

---

[1] The Court went on to find the claim preclusion doctrine inapplicable by interpreting the settlement agreement light of FOIA principles, and because the later case did not involve the same cause of action. *Id.* at *7.

2

*Cherokee Nation v. Stitt*, Dkt. No. 124 at 2-3; Compl. ¶ 79.  The motion stated Comanche, Otoe-Missouria and Defendant Governor Stitt had "reached a settlement resolving all claims and counterclaims currently pending in the above-captioned matter," "[t]he exchange of dismissals with prejudice is a term of settlement between the Comanche [and the Otoe-Missouria] and the State" and that the parties "hereby dismiss their respective claims and counterclaims asserted against one another in the above-captioned matter with prejudice, pursuant to Rule 41(a)(2), Fed. R. Civ. P."  Jnt. Mot. Leave Ct. File Stips. Dismissals with Prejudice, *Cherokee Nation v. Stitt*, Dkt. No. 120 at 1-2; Compl. ¶ 77.

Having settled their claim that their former compact renewed on January 1, 2020 by negotiating the Comanche Agreement, and having then secured dismissal of that claim with prejudice on April 24, 2020, Comanche cannot now claim rights under the July 28, 2020 ruling in *Cherokee Nation v. Stitt* that Plaintiff Nations' Class III Compacts renewed, *see* 475 F. Supp. 3d at 1283.

                                                        Respectfully submitted,

Dated: March 1, 2022              By:  */s/ Frank S. Holleman*
                                                        Frank S. Holleman, D.C. Bar # 1011376
                                                        Sonosky, Chambers, Sachse,
                                                           Endreson & Perry, LLP
                                                        1425 K Street, NW, Suite 600
                                                       Washington DC 20005
                                                       Phone no.: 202-682-0240
                                                       Fax no.: 202-682-0249
                                                       E-mail:  fholleman@sonosky.com

                                                        Colin Cloud Hampson, D.C. Bar # 448481
                                                       Sonosky, Chambers, Sachse,
                                                         Endreson & Perry, LLP
                                                       145 Willow Road, Suite 200
                                                       Bonita, CA 91902
                                                       Phone no.: 619-267-1306
                                                       Fax no.: 619-267-1388
                                                       E-mail:  champson@sonoskysd.com

Lead Counsel for the Cherokee, Chickasaw, Choctaw, and Citizen Potawatomi Nations

Sara Hill, OK Bar # 20072, *pro hac vice*
P.O. Box 1533
Tahlequah, OK 74465
Counsel for Cherokee Nation
Phone no.: 918-207-3836
Fax no.: 918-458-6142
E-mail: sara-hill@cherokee.org

Stephen Greetham, OK Bar # 21510, *pro hac vice*
4001 N. Lincoln Blvd
Oklahoma City, OK 73105
Counsel for Chickasaw Nation
Phone no.: 580-272-5236
E-mail: stephen.greetham@chickasaw.net

Brian Danker, OK Bar # 16638 (application for admission *pro hac vice* forthcoming)
1802 Chukka Hina Drive
Durant, OK 74701
Counsel for Choctaw Nation
Phone no.: 580-924-8280
E-mail: bdanker@choctawnation.com

Gregory M. Quinlan, NM Bar # 4450, CO Bar # 21605, *pro hac vice*
George J Wright, OK Bar # 21873, *pro hac vice*
1601 S Cooper Dr
Shawnee, OK 74801
Counsel for Citizen Potawatomi Nation
Phone no.: 405-275-3121
Email: george.wright@potawatomi.org

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, I electronically filed the above and foregoing document and attachments with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman