IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHEROKEE NATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:20-cv-02167 (TJK) |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF RECENT AUTHORITIES**

Plaintiffs Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, and Citizen Potawatomi Nation ("Plaintiff Nations") file this notice of recent authorities supporting their standing, which they demonstrated in their response to Defendant Chairman Woommavovah and Federal Defendants' motions to dismiss on standing grounds, *see* Pl. Nations' Memo. of Pts. & Auths. In Opp., ECF No. 114.

On October 4, the D.C. Circuit decided *Washington Alliance of Technology Workers v. United States Department of Homeland Security*, No. 21-5028, --- F.4th ---, 2022 WL 4838489 (D.C. Cir. Oct. 4, 2022) (Exhibit A). In that case, an association of professional workers challenged the Secretary of Homeland Security's promulgation of a rule that would allow foreign students in the United States on nonimmigrant visas to stay in school-recommended practical training after they completed their course work. On an appeal of a motion for summary judgment, the D.C. Circuit reaffirmed its decision in an earlier appeal of a dismissal order that the professional workers had standing to challenge the rule. The court found the organization's members had standing under the "competitor standing doctrine" because they faced "'an actual or imminent increase in competition' in the market in which he or she is a 'direct and current competitor[.]'"

1

*Id.* at *8 (citation omitted). In particular, the technology workers who belonged to the plaintiff association were currently employed in the science, technology, engineering, and math labor market, and as a result of the new rule, faced new competition for jobs in that market from students on nonimmigrant visas who otherwise would not have been eligible to remain in the United States and take those jobs. *Id.* at *8-9. This holding also applies here: Plaintiff Nations are current competitors in the Oklahoma gaming market and face actual (in the case of Comanche and Otoe-Missouria's current gaming under their Agreements) and imminent (in the case of future gaming purportedly authorized by the United Keetoowah Band ("UKB"), Keetoowah Tribal Town ("KTT"), Comanche and Otoe-Missouria Agreements) competition in the Oklahoma gaming market as a result of Defendant Secretary's decision to allow the Agreements to go into effect and state and tribal officers' actions to implement those Agreements.

Recent developments in the consolidated appeals of *West Flagler Associates v. Haaland*, 573 F. Supp. 3d 260 (D.D.C. 2021), confirm that the district court in *West Flagler* correctly held that a casino operating in the Florida gaming market had competitive injury standing to challenge the Secretary's decision to approve an IGRA gaming compact allowing a tribe to conduct gaming in Florida. That decision is described in Plaintiff Nations' earlier Notice of Decision, ECF No. 119. Appeals were filed by both the United States and an Indian tribe, which had unsuccessfully sought to intervene in the case to move to dismiss for failure to join a necessary party who could not be joined under Rule 19. On August 17 and October 3, respectively, the Department of the Interior and Secretary Deb Haaland filed opening and answering briefs in these appeals. *See* Opening Br. for Fed. Appellants, *W. Flagler Assocs. v. Haaland*, Nos. 22-5022, 21-5265 (D.C. Cir. Aug. 17, 2022) (Exhibit B); Answering Br. for Fed. Appellees, *W. Flagler Assocs. v. Haaland*, Nos. 21-5265, 22-5022 (D.C. Cir. Oct. 3, 2022) (Exhibit C). In neither appeal did the United States

challenge the district court's decision that the casino operator had standing. The United States' decision not to appeal the district court's standing determination confirms the persuasive authority of that decision, which supports Plaintiff Nations' response to the Federal Defendants' and Defendant Chairman Woommavovah's motions to dismiss.

Additionally, the United States in that case argued that it is "an open question" whether "*Amador County* would require the Secretary to parse state law" to determine whether "the governor lacked signing authority under state law." Opening Br. for Fed. Appellants at 22 n.5. That is wrong, *see* Pl. Nations' Memo. of Pts. & Auths. In Opp., ECF No. 114 at 45-53—and it also contradicts the Federal Defendants' argument in this case that "IGRA does not require the Secretary to resolve a dispute about gubernatorial authority, nor to disapprove a compact because such a dispute exists." Fed. Defs.' Renewed Mot. to Dismiss, ECF No. 106-1 at 29.

On July 15, the D.C. Circuit decided *American Clinical Laboratory Association v. Becerra*, 40 F.4th 616 (D.C. Cir. 2022) (Exhibit D). Plaintiff, an association of hospital laboratories, challenged a rule the Secretary of Health and Human Services ("HHS Secretary") promulgated that excluded most hospital laboratories from certain reporting requirements. *See id.* at 620. The court held that plaintiff had standing because one of its members, Aculabs, suffered an injury-in-fact from the HHS Secretary's actions. *See id.* at 622. Those actions "exempt[ed] other market participants" from regulatory reporting requirements, "which puts Aculabs at a competitive disadvantage," and the methodology skewed downward the reimbursement rates paid to Aculabs. *Id.* So too here: The Secretary's decision to allow the Agreements to go into effect, and state and tribal officials' actions to implement those Agreements, puts Plaintiff Nations at a competitive disadvantage in the highly competitive Oklahoma gaming market by, *inter alia*, allowing Comanche and Otoe-Missouria to offer class III games without a lawful compact and with less

revenue sharing and allowing Comanche, Otoe-Missouria, UKB, and KTT to offer patrons different games and higher pay-outs.

                                                                        Respectfully submitted,

Dated: October 31, 2022          By:   */s/ Frank S. Holleman*
                                                    Colin Cloud Hampson, D.C. Bar # 448481
                                                    Frank S. Holleman, D.C. Bar # 1011376
                                                    Sonosky, Chambers, Sachse,
                                                        Endreson & Perry, LLP
                                                    145 Willow Road, Suite 200
                                                    Bonita, CA 91902
                                                    Tel: 619-267-1306
                                                    Fax: 619-267-1388
                                                    E-mail:  champson@sonoskysd.com
                                                                 fholleman@sonosky.com

                                                    Lead Counsel for the Cherokee, Chickasaw,
                                                    Choctaw, and Citizen Potawatomi Nations

                                                   Sara Hill, OK Bar # 20072, *pro hac vice*
                                                   P.O. Box 1533
                                                   Tahlequah, OK 74465
                                                   Counsel for Cherokee Nation
                                                   Tel: 918-207-3836
                                                   Fax: 918-458-6142
                                                   E-mail: sara-hill@cherokee.org

                                                   Stephen Greetham, OK Bar # 21510, *pro hac vice*
                                                   512 N. Broadway, Suite 205
                                                   Oklahoma City, OK 73102
                                                   Counsel for Chickasaw Nation
                                                   Tel: 580-272-5236
                                                   E-mail: sgreetham@greethamlaw.net

                                                   Brian Danker, OK Bar # 16638, *pro hac vice*
                                                   1802 Chukka Hina Drive
                                                   Durant, OK 74701
                                                   Counsel for Choctaw Nation
                                                   Tel: 580-924-8280
                                                   E-mail: bdanker@choctawnation.com

Gregory M. Quinlan, NM Bar # 4450, CO Bar # 21605, *pro hac vice*
George J Wright, OK Bar # 21873, *pro hac vice*
1601 S Cooper Dr
Shawnee, OK 74801
Counsel for Citizen Potawatomi Nation
Tel: 405-275-3121
Email: greg.quinlan@potawatomi.org
      george.wright@potawatomi.org

*Attorneys for Plaintiff Nations*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2022, I electronically filed the above and foregoing document and attachments with the Clerk of Court via the ECF System for filing.

                                                  */s/ Frank S. Holleman*