**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE CHEROKEE NATION, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02167 (TJK) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF NATIONS' MOTION FOR STAY OF BRIEFING ON DEFENDANT**
**GOVERNOR STITT'S ANTICIPATED RULE 12(C) MOTION**

Pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 7(a), Plaintiffs Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, and Citizen Potawatomi Nation ("Plaintiff Nations") hereby respectfully request that the Court issue an order staying until further order of the Court briefing on the Fed. R. Civ. P. 12(c) motion that Defendant Governor Stitt has noticed his intent to file, *see* Defendant Governor J. Kevin Stitt's Notice of Substitute Counsel and Intent to File Rule 12(C) Motion, ECF No. 145 ("Def. Stitt Notice"). Ignoring two judgments of the Oklahoma Supreme Court holding that he lacked authority to enter into the Agreements before the Court in this case and, therefore, that those Agreements are not binding on the State,[1] Defendant Governor Stitt seizes on an unrelated Supreme Court ruling regarding state criminal jurisdiction over non-Indians who commit crimes against Indians in Indian country, *see id*. at 1 (citing *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022)), to explain that he now intends to argue the merits, Def. Stitt Notice 2 ("[T]he Governor will explain why, based on the allegations of the

---

[1] *Treat v. Stitt* ("*Treat I*"), 2020 OK 64, ¶¶ 4-5, 7-8, 473 P.3d 43, 44-45, and *Treat v. Stitt* ("*Treat II*"), 2021 OK 3, ¶¶ 3, 6, 11, 12, 481 P.3d 240, 241-44.

Complaint and the materials incorporated therein, Plaintiffs' claims fail because the underlying compacts are valid as a matter of law.")  Nevermind that the Court earlier stayed briefing on two other merits motions—without objection from Defendant Governor Stitt—pending resolution of standing challenges filed by the Federal Defendants and by Defendant Chairman Woommavovah. *See* Fed. Defs.' Mot. Dismiss, ECF No. 106 ("Fed. Defs.' MTD"); Def. Mark Woommavovah's Mot. Dismiss, ECF No. 107 ("Def. Woommavovah's MTD").  While the other merits movants' hands are tied, Defendant Governor Stitt wants to move forward, and "absent further direction from the Court, the Governor intends to file his Rule 12(c) motion by November 11, 2022."  Def. Stitt Notice 2.  By this motion, Plaintiff Nations seek to have Defendant Governor Stitt's merits motion treated the same as other merits motions by staying briefing until further order of the Court – or, in the alternative, that the Court set a briefing schedule for Plaintiff Nations and Defendant Governor Stitt to brief the merits at the same time.  Defendant Governor Stitt does not consent to this motion.

The same relief sought here was earlier granted when, in response to the parties' requests for a stay, the Court indefinitely stayed briefing on Plaintiff Nations' motion for summary judgment and Defendants Chief Bunch's and Mekko Givens' motion for summary judgment.  *See* Pl. Nations' Mot. Partial Summ. J., ECF No. 135; Mot. Summ. J. Defs. Chief Bunch & Mekko Givens, ECF No. 136 ("Bunch & Givens MSJ").  Defendant Governor Stitt took no issue with a stay of merits briefing on these motions.  *See* Fed. Defs.' Mot. Strike Pls.' Mot. Summ. J. 8, ECF No. 137 ("Fed. Defs.' Mot. Strike") (representing that Defendant Governor Stitt did not oppose a stay of briefing on Plaintiff Nations' motion for summary judgment).  Now, with those stays in place, he has changed his mind and wants this Court to adjudicate the merits on his motion.  Def. Stitt Notice 2 (stating intent to claim that the Agreements "are valid as a matter of law").  While

Defendant Governor Stitt may change his mind, the same rules that apply to others also apply to him. Any Rule 12(c) motion by Defendant Governor Stitt should be stayed on the same terms that the Court stayed briefing on the pending motions for summary judgment.

## BACKGROUND

On October 22, 2021, Federal Defendants and Defendant Chairman Woommavovah filed motions to dismiss Plaintiff Nations' complaint. Fed. Defs.' MTD; Def. Woommavovah's MTD. Both motions raised the threshold issue of standing, arguing that Plaintiff Nations lack standing due to an absence of injury in fact. *See* Fed. Defs.' MTD 10-28; Def. Woommavovah's MTD 11-28. The Federal Defendants additionally argued that Plaintiff Nations failed to state a claim on which relief could be granted under Rule 12(b)(6). *See* Fed. Defs.' MTD 28-34. Those motions are pending. And neither Federal Defendants nor Defendant Chairman Woommavovah have filed answers. On November 22, 2021, Plaintiff Nations filed a combined response to those motions, demonstrating their standing at the pleadings stage[2] and showing that Federal Defendants' 12(b)(6) arguments are wrong. *See* Pl. Nations' Mem. P. & A. Opp'n Mot. Dismiss Fed. Defs. & Mot.

---

[2] "At the pleading stage, general factual allegations of injury resulting from [D]efendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (second alteration in original) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). Plaintiff Nations' combined response met that burden by alleging that the current and imminent operations of the Comanche, Otoe-Missouria, United Keetoowah Band ("UKB"), and Kialegee Tribal Town ("KTT") gaming facilities purportedly authorized by the Agreements impose competitive injuries on all Plaintiff Nations. Pl. Nations' Mot. P. & A. Opp'n 13-21, ECF No. 114; *see W. Flagler Assocs. v. Haaland,* 573 F. Supp. 3d 260, 267 (D.D.C. 2021), *appeals docketed* Nos. 21-5265, 22-5022 (D.C. Cir. Nov. 24, 2021) ("Under the 'basic law of economics,' *New World Radio, Inc. v. FCC*, 294 F.3d 164, 172 (D.C. Cir. 2002) (citation omitted), an 'actual or imminent increase in competition' establishes an injury in fact, *Am. Inst. of Certified Pub. Accts. v. IRS*, 804 F.3d 1193, 1197 (D.C. Cir. 2015).").

Dismiss Def. Mark Woommavovah, ECF No. 114 ("Pl. Nations' Mem. P. & A. Opp'n").[3]  On the same date that Federal Defendants and Defendant Chairman Woommavovah filed their motions, Defendant Chairman Shotton filed an answer and counterclaims to Plaintiff Nations' complaint. *See* Answer & Countercl. Def. John R. Shotton, ECF No. 109.  Plaintiff Nations moved to dismiss his counterclaims on the basis of tribal sovereign immunity, *see* Pl. Nations' Mot. Dismiss Def. Chmn. Shotton's Countercl., ECF No. 113, and have not filed an answer to those claims.

On March 8, 2022, Plaintiff Nations requested that the Court grant summary judgment on the First, Second, and Third Causes of Action of their Amended Complaint, ECF No. 104, against the Federal Defendants.  Pl. Nations' Mot. Partial Summ. J.  In their memorandum in support of that motion, Plaintiff Nations demonstrated that they have standing at the summary judgment stage[4] to challenge the Federal Defendants' no-action approvals of the Agreements at issue in this case and argued on the merits that the Defendant Secretary of the Interior erred as a matter of law in allowing the Agreements to go into effect because the State did not "enter into" those agreements under state law as required by IGRA.  Pl. Nations' Mem. P. & A. Supp. Mot. Partial Summ. J. 28-39, ECF No. 135-1.  Plaintiff Nations argued that it was established that the Governor of Oklahoma lacked authority to enter into the Agreements on behalf of the State on May 5, 2020, when the

---

[3] The Plaintiff Nations' conclusions on both of these points have been confirmed by subsequent authorities.  *See* Notice of Recent Decision, ECF No. 119 (discussing decision in *W. Flagler*); Notice of Recent Decision, ECF No. 134 (discussing decision in *Stonehill v. U.S. Dep't of Just. Tax Div.*, No. 1:19-cv-03770, 2022 WL 407145 (D.D.C. Feb. 10, 2022)); Notice of Recent Auth., ECF No. 139 (discussing proposed amendments to 25 C.F.R. pt. 293).

[4] "The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]," which "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof," *Lujan*, 504 U.S. at 561 (citations omitted), meaning that "at the summary judgment stage, a plaintiff . . . 'must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true,'" *W. Flagler*, 573 F. Supp. 3d at 267 (quoting *Lujan*, 504 U.S. at 561).  Plaintiff Nations demonstrated that they suffered competitive injury at the merits stage by, *inter alia*, submitting an expert report in support of their motion for summary judgment, ECF No. 135-11.

Attorney General of Oklahoma issued a binding determination on that issue, *id.* at 28-31 (discussing *In re Treat*, 2020 OK AG 8, 2020 WL 2304499), and that the Oklahoma Supreme Court later confirmed the Attorney General's conclusions in its decisions in *Treat I*, 2020 OK 64 at ¶¶ 4-5, 7-8, 473 P.3d at 44-45, and *Treat II*, 2021 OK 3 at ¶¶ 3, 6, 11, 12, 481 P.3d at 241-44; *see* Pl. Nations' Mem. P. & A. Supp. Mot. Partial Summ. J. 31-34.

Shortly thereafter, on March 14, 2022, Defendants Chief Bunch and Mekko Givens filed a motion for summary judgment on all claims against them in which they advanced merits arguments. Bunch & Givens MSJ. They argued that the UKB and KTT Agreements are in effect and that state court decisions issued after the Secretary's no-action decisions could not invalidate those Agreements. Defs. Chief Bunch & Mekko Givens' Mem. Supp. Mot. Summ. J. 3-13, ECF No. 136-1 ("Bunch & Givens Mem. Supp. MSJ"). They also argued that IGRA allows the Secretary to approve compacts which purport to provide gubernatorial concurrence in a two-part determination that has not yet been made, and that Defendants Chief Bunch and Mekko Givens are not violating federal law because the UKB and KTT Agreements are validly-approved IGRA compacts. *Id.* at 14-18, 21-22.

On March 16, 2022, Federal Defendants filed a motion to strike Plaintiff Nations' summary judgment motion or, in the alternative, to stay briefing, on the basis that briefing on summary judgment was inappropriate before the Court resolved the pending motions to dismiss. Fed. Defs.' Mot. Strike. Federal Defendants, supported by Defendant Chairman Woommavovah, *see id.* at 7, argued that the Court should strike, or stay briefing on, Plaintiff Nations' motion because "[i]t would be inappropriate for the Court to address the merits of any claims prior to resolving the threshold issues [i.e., standing] posed by defendants' motions to dismiss," *id.* at 1, and a strike or stay "would promote efficiency by either resolving or narrowing the case, or, at worst, avoiding

several rounds of inappropriate, piecemeal summary judgment briefing," *id.* at 2.[5]  *See id.* at 2-3 (arguing "subject matter jurisdiction is a threshold issue, which should be addressed prior to any consideration of the merits . . . [and] it would be inappropriate to proceed to the merits of Plaintiff [Nations'] claims before the Court has resolved the threshold jurisdictional question").  On March 17, 2022, the Court issued an order granting the Federal Defendants' motion in part, staying briefing on Plaintiff Nations' summary judgment motion until further order of the Court.

On March 18, 2022, Plaintiff Nations filed a motion to stay briefing on the Bunch & Givens MSJ in which, "[w]ithout expressing any views on the merits of Federal Defendants' motion to strike or stay briefing," they "respectfully request[ed] that the Court stay briefing on Defendants Chief Bunch's and Mekko Givens's motion for summary judgment" because it raised the same legal issues as Plaintiff Nations' stayed motion and because "it seeks summary judgment while motions to dismiss are pending . . . ."  Pl. Nations' Consented Mot. Stay Br'g Defs. Chief Bunch's & Mekko Givens's Mot. Summ. J. 3, ECF No. 138 ("Pl. Nations' Consented Mot.").  Plaintiff Nations argued that, *inter alia*, it would be unfair to require them to prepare and file a response brief on merits issues "even though Federal Defendants have been relieved of the obligation to prepare and file a response brief on the same issues in the same context."  *Id.* at 3.  On March 19, 2022, the Court granted Plaintiff Nations' request, staying briefing on Defendant Chief Bunch's and Mekko Givens' summary judgment motion.

Now, one year since Federal Defendants' and Defendant Chairman Woommavovah's first motion contesting Plaintiff Nations' standing, Defendant Governor Stitt has supplemented his

---

[5] Federal Defendants also argued that a motion for summary judgment was "premature" before the administrative record is produced.  Fed. Defs.' Mot. Strike 1.

legal team and signaled his intent to jump the stile of the Court's stay orders so he can offer an allegedly new merits argument.

## ARGUMENT

Defendant Governor Stitt's motion disregards the Court's case management and suggests he will prematurely raise merits issues that are downstream of the standing issues already before the Court.  His motion seeks an end run around the current stays and would impose unfair obligations on Plaintiff Nations to brief the merits on his motion that the other parties have avoided on the other two merits motions.  For these reasons, the Court should stay Defendant Governor Stitt's motion on the same terms it has stayed Plaintiff Nations' and Chief Bunch's and Mekko Givens' motions for summary judgment, so that it can resolve the standing arguments in the motions to dismiss, and then the standing argument in Plaintiff Nations' motion for summary judgment, before resolving any merits issues Defendant Governor Stitt argues.  *See Scenic Am., Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 48-49 (D.C. Cir. 2016) (standing burden applies at outset of "*each* phase" of litigation—pleadings and then merits) (emphasis in original).  In the alternative, if the Court does decide to allow briefing on Defendant Governor Stitt's proposed motion, it should order a schedule for cross-briefing on motions on the pleadings or for a motion for summary judgment against Defendant Governor Stitt.

A.    **The Court Must Decide Standing Issues Before Reaching Merits Questions, Including Those That Defendant Governor Stitt Proposes to Raise.**

The Court must decide the standing issues presented in the pending motions to dismiss and Plaintiff Nations' motion for summary judgment before reaching the merits.  Like the two already-filed motions for summary judgment, Defendant Governor Stitt's anticipated Rule 12(c) motion asserting that the Agreements are "valid as a matter of law," Def. Stitt Notice 2, requests that the Court issue a decision on the merits.  "[A] Rule 12(c) motion asks the court to render 'a judgment

on the merits . . . by looking at the substance of the pleadings and any judicially noted facts.'"
*Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018) (quoting *All. of Artists &
Recording Cos. v. GM Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016) (K.B. Jackson, J.) and citing 5C
Wright & Miller § 1369) (ellipsis in opinion); *accord MacKenzie v. Fudge*, No. 1:20-cv-00411
(TNM), 2021 WL 1061220, at *5 (D.D.C. Mar. 18, 2021) ("A ruling on a Rule 12(c) motion is a
judgment on the merits." (quoting *Murchison ex rel. A.M. v. District of Columbia*, No. 20- 00283,
2020 WL 4569421, at *2 (D.D.C. Aug. 7, 2020))), *aff'd on other grounds,* 21-5069, 2021 WL
3716796 (D.C. Cir. July 23, 2021) (per curiam).

The standing issue presented in the two pending motions to dismiss and the Plaintiff
Nations' motion for summary judgment must be decided before the merits are considered,
including the merits issues that Defendant Stitt intends to raise.  That is because, as the Supreme
Court has made plain, "Article III jurisdiction is always an antecedent question" before deciding
whether the plaintiff has stated a cause of action, and "[f]or a court to pronounce upon the meaning
or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very
definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-
02 (1998); *see also Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v.
Liberty Maritime Corp.*, 933 F.3d 751, 756-57 (D.C. Cir. 2019) (on a Rule 12(c) motion, "[t]he
'first and fundamental question' that we are 'bound to ask and answer' is whether the court has
jurisdiction to decide the case" (quoting *Bancoult v. McNamara*, 445 F.3d 427, 432 (D.C. Cir.
2006))).

Article III of the Constitution limits the jurisdiction of federal courts to cases and
controversies, *see* U.S. Const., Art. III, § 2, and "standing is an essential and unchanging part of
the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560 (1992) (citing *Allen v.*

*Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds by Lexmark Intern., v. Static Control Components, Inc.*, 572 U.S. 118 (2014)).  Accordingly, whether the party or parties invoking federal jurisdiction have standing must be decided before the merits are considered.  That rule applies to Defendant Governor Stitt's merits motion too.

Moreover, standing is decided at outset of "*each* phase" of litigation.  *Scenic Am.*, 836 F.3d at 48-49.  Aside from the pending challenges to standing at the motion to dismiss phase, Plaintiff Nations have already raised standing at the merits phase of the litigation in their motion for summary judgment.  Therefore, Defendant Governor Stitt's merits arguments as to why the Agreements are valid IGRA compacts must be considered at the same time or after Plaintiff Nations' motion for summary judgment, so that the Court may properly resolve the threshold standing issue first.

**B.     The Court Should Stay Briefing on Governor Stitt's Proposed Motion Consistent with the Stays Ordered on Briefing of the Two Motions for Summary Judgment.**

Permitting briefing on Defendant Governor Stitt's proposed Rule 12(c) motion would also be unfair as the Court already stayed briefing on two summary judgment motions seeking merits determinations.  The first, by Plaintiff Nations, in addition to arguing Plaintiff Nations have standing, argued the State had never "entered into" the Agreements because the Governor lacked authority to cause the State to "enter into" them as a matter of state law.  Pl. Nations' Motion Partial Summ. J 1.  The Court stayed briefing on that motion after the Federal Defendants, joined by Defendant Chairman Woommavovah, asserted that the Court should address threshold issues of standing at the motion to dismiss stage first.

The second pending motion for summary judgment, filed by Defendants Chief Bunch and Mekko Givens, argued that the Agreements are still in effect, even though, as they put it, "the Supreme Court of Oklahoma has purported to invalidate the UKB and KTT [Agreements] as a

matter of state law," Bunch & Givens MSJ 10, repeating arguments similar to those made by the Federal Defendants in their motion to dismiss. *See id.* at 10-12. Those Defendants also argued on the merits that specific provisions of the UKB and KTT Agreements "fully comply with IGRA." *Id.* at 14. The Court stayed briefing on that motion, with the consent of Chief Bunch and Mekko Givens, *see* Pl. Nations' Consented Mot. 1, after Plaintiff Nations argued that it would be imbalanced to require them to respond to merits issues while Federal Defendants were relieved of the same obligation, *id. at* 3.

It would impose an unfair burden on Plaintiff Nations if the Court does not stay briefing on any Rule 12(c) motion Defendant Governor Stitt may file arguing that the Agreements are "valid as a matter of law," an argument which would seem consistent with the position taken in the Bunch & Givens MSJ and contrary to the Plaintiff Nations' position in their motion for summary judgment. Although Defendant Governor Stitt asserts that he "*expects* to make additional arguments concerning the validity of the [Agreements] at issue that the parties have not yet *fully presented*," Def. Stitt Notice 2 (emphasis added), Plaintiff Nations' summary judgment motion comprehensively addresses the question by showing that the Governor lacked authority to enter into them. Pursuant to Court order, other parties have not been required to brief those issues, and it would be unjust to require Plaintiff Nations to brief them before resolution of the motions to dismiss and Plaintiff Nations' own motion for summary judgment addressing the same issues.[6]

---

[6] Defendant Governor Stitt did not definitively say he will raise merits issues distinct from those on which the Court has already stayed briefing. But even if he had made an ironclad commitment to raise new merits issues, Plaintiff Nations' reliance on *In re Treat*, *Treat I*, and *Treat II* defeats an argument by the Governor that the Agreements are valid under state law. Therefore, it would be unfair to burden Plaintiff Nations with an obligation to brief whether the agreements are valid while others have avoided briefing Plaintiff Nations' motion for summary judgment.

Defendant Governor Stitt would not be prejudiced in any manner by such a stay.  He will have an opportunity to present his arguments on the merits of the Agreements' validity when the Court permits briefing on the merits by all parties.[7]  Defendant Governor Stitt also appears to acknowledge that briefing on the arguments in his motion may not be appropriate now and that a pause on briefing may be appropriate, as his notice expressly contemplates "further direction from the Court," regarding his intention to file a motion.  Def. Stitt Notice 2.

## C.    A Rule 12(c) Motion is Premature and Should be Stayed for That Reason Too.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  For purposes of that Rule, "the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering." *Habeeba's Dance of Arts, Ltd. v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006); *see Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 83 n.6 (D.D.C. 2018) ("Pleadings are closed for Rule 12(c) purposes when a complaint and an answer have been filed") (citing Fed. R. Civ. P. 7(a); *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 60 (D.D.C. 2007)); *Smith v. G & W Foods*, No. 20-CV-2517-JAR-TTJ, 2021 WL 1251114, at *2 & n.7 (D. Kan. Apr. 5, 2021) (quoting *Gorenc v. Klaassen*, No. 18-2403-DDC-JPO, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019));[8] *Dorval v. Sapphire Vill. Condo. Ass'n*, No. 2018-29, 2019 WL 1436370, at *1 (D.V.I. Mar. 30, 2019);

---

[7] Plaintiff Nations reserve all objections, including without limitation all jurisdictional, procedural, and substantive objections to any motion that Defendant Stitt may file.

[8] Quoting and citing *Garvey v. Seterus, Inc.*, No. 5:16-cv-00209-RLV, 2017 WL 2722307, at *12 (W.D.N.C. June 23, 2017) (quoting *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, No. 2:08-cv-1140, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009)); *Scottsdale Ins. Co. v. Doe*, No. 7:13-CV-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014); *Stands Over Bull v. BIA*, 442 F. Supp. 360, 367 (D. Mont. 1977) (citing *GM Corp. v. Blevins*, 144 F. Supp. 381, 389 (D. Colo. 1956)).

*Karagozian v. Clark County*, No.13-6010, 2013 WL 4854308, at *2 n.2 (W.D. Ark. Sept. 11, 2013).  In this case, the pleadings are not closed.  While Defendants Governor Stitt, Chairman Shotton, Chief Bunch, and Mekko Givens have filed answers, ECF Nos. 108-10, the Federal Defendants and Defendant Chairman Woommavovah have not done so.  Nor have the Plaintiff Nations filed a pleading responding to Defendant Chairman Shotton's counterclaim.  *See Maniaci*, 510 F. Supp. 2d at 60 ("Pleadings are closed within the meaning of Rule 12(c) if no counter or cross-claims are at issue when a complaint and an answer have been filed.").  Not only are the pleadings not closed, but the Federal Defendants and Defendant Chairman Woommavovah have filed motions to dismiss for lack of standing, Fed. Defs.' MTD and Def. Woommavovah's MTD, which seek to preclude further consideration of the case, and which extend the time for filing responsive pleading.  Fed. R. Civ. P. 12(a)(4)(A).

Some courts have exercised discretion to convert a Rule 12(c) motion, filed before pleadings close, to a Rule 12(b)(6) motion.  *See, e.g.*, *id.* at 60-61.  However, conversion has no effect on a Court's obligation to consider jurisdiction before the merits.  *See Steel Co.*, 523 U.S. at 93-94 (rejecting the "doctrine of hypothetical jurisdiction") (quoting and abrogating *United States v. Troescher*, 99 F.3d 933, 934 n.1 (9th Cir, 1996)).  Nor is conversion possible here, as Defendant Governor Stitt has already filed an answer, Def. Stitt Answer to Second Am. & Suppl'ed Compl., ECF No. 110, and a Rule 12(b)(6) motion is barred by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b) ("A motion asserting any of [the Rule 12(b)(1)-(7)] defenses must be made before pleading if a responsive pleading is allowed.").  Moreover, courts' decisions to convert Rule 12(c) motions have relied on the notion that "the standard of review for motions for judgment on the pleadings under Rule 12(c) . . . is essentially the same as that for motions to dismiss under Rule 12(b)(6)." *Jung v. Ass'n of Am. Med. Colls.*, 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004), *aff'd on*

*other grounds* 184 F. App'x 9 (D.C. Cir. 2006) (per curiam).[9]  However, that position is not viable

in light of the D.C. Circuit's treatment of Rule 12(c) in *Schuler v. PricewaterhouseCoopers, LLP*,

514 F.3d 1365, 1370 (D.C. Cir. 2008).  As Judge Amy Berman Jackson has explained, "[w]hile

there are opinions in this district that state that the standards of review for a Rule 12(b)(6) motion

and a Rule 12(c) motion are 'essentially the same' or 'virtually identical,' . . . the standard set out

in the *Schuler* case by the D.C. Circuit more closely resembles a summary judgment type of

determination."  *Waters v. District of Columbia*, No. 18-cv-2652 (ABJ), 2022 WL 715474, at *9

(D.D.C. Mar. 10, 2022); *see id.* at *8, 9 n.18; *accord Ronaldson v. Nat'l Ass'n of Home Builders*,

No. cv 19-1034 (CKK), 2022 WL 798383, at *2 (D.D.C. Mar. 16, 2022) (quoting *Lopez*, 301 F.

Supp. 3d at 84).  And even if conversion were possible, a stay of briefing would still be required

so that the Court could resolve standing questions first, *see supra* Section A, and so that the burden

of briefing the validity of the compacts is fairly distributed among the parties, *see supra* Section

B.

      Since motions to dismiss for lack of standing are already pending, Defendant Governor

Stitt has filed an answer, and his Rule 12(c) motion cannot be converted, the Court should stay

---

[9] *Jung* concerned claims which had been clearly eliminated by a federal law enacted after the complaint was filed.  339 F. Supp. 3d at 34-35.  Before the law was enacted, some defendants had filed Rule 12(b) motions, *id.* at 35, which the court had decided in a February 2004 order, *id.* at 31,33-34 (discussing *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 142-43 (D.D.C. 2004)).  After the federal law was passed in April 2004, the remaining defendants, some of whom had answered and some of whom had not, filed a Rule 12(c) motion.  *Id.* at 35.  Plaintiffs asked the court to deny that motion because the pleadings had not closed as to all the defendants.  *Id.* The court granted the motion and ordered that the 12(c) motion be converted to a 12(b)(6) motion as to the defendants who had not answered, based on the court's finding of similarity between Rule 12(c) and 12(b)(6) motions discussed above.  339 F. Supp. 3d at 35-36, 46.  Here the defendants who have not answered have pending motions raising the threshold question of standing under Rule 12(b)(1), which must be resolved before the merits are considered, *see supra* at Section A, and therefore, cannot be converted to 12(b)(6) motions.  And even if they could, the pleadings would still be open as to Defendant Chairman Shotton's counterclaims against Plaintiff Nations.

briefing on his motion until it is no longer premature.  The alternative is denial of the motion without prejudice.  *Knoblauch*, 2006 WL 968642, at *2; *Gorenc*, 2019 WL 2523566 at *2; *Childs v. Extra Space Storage, Inc.*, No. 2:16-cv-01746-GMN-VCF, 2017 WL 720543, at *2 (D. Nev. Feb. 23, 2017); *Harvin v. JP Morgan Chase Bank, N.A.*, No. 1:15-CV-04477-MHC-JFK, 2016 WL 9450467, at *3-4 (N.D. Ga. June 28, 2016*), report and recommendation adopted on other grounds*, No. 1:15-CV-4477-MHC, 2016 WL 9453333 (N.D. Ga. Aug. 1, 2016), *aff'd on other grounds*, 696 F. App'x 987 (11th Cir. 2017) (citing *Jordan v. Def. Fin. & Acct. Servs.*, No. 8:14-cv-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014)).  That would be inefficient and can be avoided by a stay.

**D.      In the Alternative, the Court Should Set a Schedule for Cross-Motions.**

If the Court decides not to stay briefing on Defendant Governor Stitt's Rule 12(c) motion on the merits, but nonetheless keeps the stay of pending motions for summary judgment in force, then the Court should set a schedule for cross-motions.  If Defendant Governor Stitt is not barred from litigating merits questions despite the pendency of motions seeking resolution of standing questions, then Plaintiff Nations should not be barred, either.  Cross-briefing on Rule 12(c), either in cross-motions for judgment on the pleadings, or cross-motions for summary judgment and judgment on the pleadings, is a typical method of resolving merits questions of law.  *See, e.g.*, *Larrabee v. Braithwaite*, 502 F. Supp. 3d 322, 326 (D.D.C. 2020), *rev'd on other grounds sub nom. Larrabee v. del Toro*, 45 F.4th 81 (D.C. Cir. 2022); *Eldred v. Reno*, 74 F. Supp. 2d 1, 1 (D.D.C. 1999), *aff'd on other grounds*, 239 F.3d 372 (D.C. Cir. 2001), *aff'd sub nom. on other grounds, Eldred v. Ashcroft*, 537 U.S. 186 (2003); *Jackson v. Thornburgh*, 702 F. Supp. 9, 11, 14 (D.D.C. 1988), *aff'd on other grounds*, 907 F.2d 194 (D.C. Cir. 1990); *New York v. New Jersey*, 142 S. Ct. 2856 (2022) (granting motion for leave to file cross-motions for judgment on the

pleadings in original jurisdiction action); *Cen. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 743 (2004) (discussing procedure in lower court).

## CONCLUSION

Therefore, Plaintiff Nations respectfully request that the Court order that, if Defendant Governor Stitt files a Rule 12(c) motion, briefing on such motion is stayed until further order of the Court, on the same terms as the Court's orders staying briefing on the two pending motions for summary judgment.

Respectfully submitted,

Dated: October 31, 2022             By:    */s/ Frank S. Holleman*
                                           Colin Cloud Hampson, D.C. Bar # 448481
                                           Frank S. Holleman, D.C. Bar # 1011376
                                           Sonosky, Chambers, Sachse,
                                               Endreson & Perry, LLP
                                           145 Willow Road, Suite 200
                                           Bonita, CA 91902
                                           Tel: 619-267-1306
                                           Fax no.: 619-267-1388
                                           E-mail:  champson@sonoskysd.com
                                                    fholleman@sonosky.com

                                           Lead Counsel for the Cherokee, Chickasaw,
                                           Choctaw, and Citizen Potawatomi Nations

                                           Sara Hill, OK Bar # 20072, *pro hac vice*
                                           P.O. Box 1533
                                           Tahlequah, OK 74465
                                           Counsel for Cherokee Nation
                                           Tel: 918-207-3836
                                           Fax no.: 918-458-6142
                                           E-mail: sara-hill@cherokee.org

                                           Stephen Greetham, OK Bar # 21510, *pro hac vice*
                                           512 N. Broadway, Suite 205
                                           Oklahoma City, OK 73102
                                           Counsel for Chickasaw Nation
                                           Tel: 580-272-5236
                                           E-mail: sgreetham@greethamlaw.net

Brian Danker, OK Bar # 16638, *pro hac vice*
1802 Chukka Hina Drive
Durant, OK 74701
Counsel for Choctaw Nation
Tel: 580-924-8280
E-mail: bdanker@choctawnation.com

Gregory M. Quinlan, NM Bar # 4450, CO Bar # 21605, *pro hac vice*
George J Wright, OK Bar # 21873, *pro hac vice*
1601 S Cooper Dr
Shawnee, OK 74801
Counsel for Citizen Potawatomi Nation
Tel: 405-275-3121
Email: greg.quinlan@potawatomi.org
        george.wright@potawatomi.org

*Attorneys for Plaintiff Nations*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, I electronically filed the above and foregoing document and attachments with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman