IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHEROKEE NATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:20-cv-02167 (TJK) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE INTERIOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NATIONS' RESPONSE TO FEDERAL DEFENDANTS' NOTICE OF RECENT AUTHORITY**

Federal Defendants' Notice of Recent Authority, ECF No. 174 ("Not."), wrongly implies that in *West Flagler Associates, Ltd. v. Haaland*, 71 F.4th 1059 (D.C. Cir. 2023), the D.C. Circuit held that a compact's authorization of sports betting is solely a question of state law that cannot establish an IGRA violation. *See* Not. at 1. That flaw aside, *West Flagler* offers no help to Federal Defendants in this case.

In *West Flagler* "brick-and-mortar casinos in Florida[] object[ed] to the Secretary's decision to allow the [Seminole Tribe of Florida's] Compact to go into effect because in their view, it impermissibly authorizes gaming *outside* of Indian lands, violating IGRA." 71 F.4th at 1061. The D.C. Circuit held that "[t]he District Court erred by reading into the Compact a legal effect it does not (and cannot) have, namely, independently authorizing betting by patrons located outside of the Tribe's lands. Rather, the Compact itself authorizes only the betting that occurs on the Tribe's lands; in this respect it satisfied IGRA." *Id.* at 1062.

After confirming that the Secretary's no-action approval of the compact was judicially reviewable for consistency with IGRA, *id.* at 1064-65 (citing *Amador Cnty. v. Salazar*, 640 F.3d 373, 381 (D.C. Cir. 2011)), the court considered the merits. Plaintiffs argued that the compact

1

authorized sports wagering outside of Indian land in violation of IGRA, while Defendants contended that the compact "'discussed' online sports betting off of tribal lands," but "did not 'authorize' it," and that whether sports betting was authorized off of Indian lands was a question of state law not within the scope of the Secretary's review of Seminole's compact. *Id*. at 1065. Emphasizing that "[IGRA] regulates gaming activity on Indian lands, but 'nowhere else,'" *id*. at 1061-62, 1065 (quoting *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 795 (2014)), the court construed the Seminole's compact only to authorize sports betting on Indian lands and to say nothing about whether sports wagers placed elsewhere are authorized, *see id.* at 1066. Instead, the compact provision addressing the locus of sports book wagers only made tribal law applicable to resolve disputes between the parties over that gaming. The court found that provision to be both an IGRA-permitted jurisdictional allocation and "'directly related to the operation of' the Tribe's sports book" on Indian lands. *Id*. (citing 25 U.S.C. § 2710(d)(3)(C)(i)-(ii), (vii)). The court also explicitly held that "an IGRA compact cannot provide independent legal authority for gaming activity that occurs outside of Indian lands, where that activity would otherwise violate state law," which was "in fact the position advanced by the Secretary." *Id.* at 1068 (quoting statement by Secretary's counsel at oral argument that "[i]f the state statute . . . related to this action were to be challenged in Florida state court and were to fall, the compact . . . would give no independent authority for the Tribe" to accept wagers from outside Indian lands).

Federal Defendants' paltry effort to demonstrate *West Flagler*'s relevance to the pending Motion to Compel falls far short of the mark.[1] And, with or without *West Flagler*, the motion

---

[1] Federal Defendants' halfhearted justification for providing the Notice is that "the Parties cited" the district court's opinion in briefing the pending Motion to Compel. Not. at 1. Federal Defendants cited *West Flagler* only to argue that the administrative record in this case is sufficient because it is longer than that in *West Flagler*. *See* ECF No. 169 at 23. Plaintiff Nations demonstrated that is irrelevant and showed with reference to the contents of the administrative

demonstrates that the supplementation standards in *District Hospital Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015), and *Stand Up for California! v. U.S. Department of Interior*, 315 F. Supp. 3d 289 (D.D.C. 2018), are met here because the Secretary engaged in bad faith and improper behavior by not disapproving Agreements that he knew had not been entered into by the State as required by IGRA, *see In re Treat*, 2020 OK AG 8, 2020 WL 2304499 (Okla. A.G. May 5, 2020), and which purported to authorize gaming on terms that violate IGRA.

Dated: July 21, 2023

By: */s/ Frank S. Holleman*
Colin Cloud Hampson, D.C. Bar # 448481
Frank S. Holleman, D.C. Bar # 1011376
Sonosky, Chambers, Sachse,
    Endreson & Perry, LLP
145 Willow Road, Suite 200
Bonita, CA 91902
Tel: 619-267-1306
E-mail:   champson@sonoskysd.com
          fholleman@sonosky.com

Lead Counsel for the Cherokee, Chickasaw,
    Choctaw, and Citizen Potawatomi Nations

Sara Hill, OK Bar # 20072, *pro hac vice*
P.O. Box 1533
Tahlequah, OK 74465
Counsel for Cherokee Nation
Tel: 918-207-3836
E-mail:   sara-hill@cherokee.org

Stephen Greetham, OK Bar # 21510, *pro hac vice*
Greetham Law, P.L.L.C.
512 N. Broadway Ave., Suite 205
Oklahoma City, OK 73102
Tel: 580-399-6989
E-mail:   sgreetham@greethamlaw.net

*Additional Counsel on Following Page*

---

records produced in each case, that any length comparison is misleading. *See* ECF No. 172 at 23. The D.C. Circuit in *West Flagler* said nothing about this issue.

Meredith Turpin, OK Bar # 22690, *pro hac vice*
Office of Executive Council
2021 Arlington St.
Ada, OK 74820
Tel: 580-272-5748
E-mail:     meredith.turpin@chickasaw.net

Brian Danker, OK Bar # 16639, *pro hac vice*
P.O. Box 1210
Durant, OK 74702
Counsel for Choctaw Nation
Tel: 580-380-3024
E-mail:     bdanker@choctawnation.com

Gregory M. Quinlan, NM Bar # 4450, CO Bar
    #21605, *pro hac vice*
Shawnee, OK 74801
Counsel for Citizen Potawatomi Nation
Tel: 405-275-3121
Email:     gquinlan@potawatomi.org

*Attorneys for Plaintiff Nations*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the above and foregoing document with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman