UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHEROKEE NATION et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 20-2167 (TJK) |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR et al., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF APPEARANCE OF OKLAHOMA ATTORNEY GENERAL**

To: The clerk of court and all parties of record

I am the duly elected and sworn Attorney General for the State of Oklahoma. Pursuant to LCvR 83.2(e), I register and certify personal familiarity with the Local Rules of this Court.

J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma (the "Governor"), is a named defendant in the operative Complaint filed in the above-entitled cause. Doc. 104 at 1.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). In his Answer to Doc. 104, the Governor confirms this general rule by making clear that he appears in this case "in his official capacity as the Governor of the State of Oklahoma, and ex rel. **STATE OF OKLAHOMA, as the *real party in interest*** . . . ." Doc. 110 at 1 (emphasis added). As a result, by the Governor's own admission, the State of Oklahoma and not the Governor is the real party in interest in this case. Therefore, the interests of the State of Oklahoma and its people are at issue in this case.

As Oklahoma Attorney General, I have the authority to take and assume control of the defense of the State's interests in this case. The United States Supreme Court has generally consulted state law

to determine the proper designee to represent the State's interests in federal court. *See Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). The Oklahoma Constitution provides that: "The Executive authority of the state shall be vested in a Governor… Attorney General… and other officers provided by law and this Constitution… and shall perform such duties as may be designated in this Constitution or prescribed by law." Okla. Const. art. VI, § 1. As it relates to the State's involvement in litigation, Oklahoma law currently provides that "the Attorney General as the chief law officer of the state" has the power and duty:

> **To initiate or appear in any action in which the interests of the state or the people of the state are at issue, or to appear at the request of** the Governor, **the Legislature, or either branch thereof**, and prosecute and defend in any court or before any commission, board or officers any cause or proceeding, civil or criminal, in which the state may be a party or interested; and when so appearing in any such cause or proceeding, **the Attorney General may, if the Attorney General deems it advisable and to the best interest of the state, take and assume control of the prosecution or defense of the state's interest therein**.

Okla. Stat. Ann. tit. 74, § 18b(A)(3) (emphasis added).[1]

Therefore, my Office clearly has the power to assume and control the State's defense in this case on my own initiative.

Regardless, the Speaker of the Oklahoma House of Representatives and the President Pro Tempore of the Oklahoma Senate, on behalf of their respective caucuses, have also requested that I assume the control and defense of the State's interests in this case.[2] Therefore, there is no question

---

[1] It should be noted that this statute was amended in 1995 to add the language permitting my Office to appear "in any action in which the interests of the state or the people of the state are at issue," i.e., my Office can now appear in litigation on my own initiative. CORPORATION COMMISSION—OIL AND GAS—REVENUE AND TAXATION—APPORTIONMENT OF EXCISE TAX MONIES, 1995 Okla. Sess. Law Serv. Ch. 328 (S.B. 233) (WEST); *see also State, ex rel., Pruitt v. Steidley*, 2015 OK CR 6, ¶ 15, 349 P.3d 554, 558 (recognizing that the authority of the attorney general in Okla. Stat. Ann. tit. 74, § 18b was expanded in 1995). Consequently, the limited case law interpreting my Office's power prior to 1995 has been rendered obsolete.

[2] *See* July 18, 2023 Letter from Greg Treat, President Pro Tempore of Oklahoma Senate to the Honorable Gentner Drummond, attached hereto as Exhibit "1"; and July 21, 2023 Letter from Charles A. McCall, Speaker of Oklahoma House of Representatives to the Honorable Gentner Drummond, attached hereto as Exhibit "2."

that Oklahoma law provides that I am the proper designee to represent the State's interests in this case.[3]

I am mindful that it is an extraordinary act for an Oklahoma Attorney General to exercise Okla. Stat. Ann. tit. 74, § 18b(A)(3) to assume control of litigation being defended by Oklahoma's Governor. I do not take this action lightly. However, I see no other option because the Governor has inexplicably abrogated his constitutional duties in this case. The Governor has a constitutional duty to "cause the laws of the State to be faithfully executed." Okla. Const. art. VI, § 8. Other than criminal matters, the Oklahoma Supreme Court is the final arbiter of Oklahoma law. *Robinson v. Fairview Fellowship Home For Senior Citizens, Inc.*, 2016 OK 42, ¶ 13, 371 P.3d 477, 483 ("This Court is the ultimate authority on the interpretation of the laws of this State ….").

Here, the Oklahoma Supreme Court has clearly and unambiguously ruled that the Governor had no authority to unilaterally execute the compacts at issue in this case. *Treat v. Stitt*, 2020 OK 64, 473 P.3d 43 (Okla. 2020); and *Treat v. Stitt*, 2021 OK 3, 481 P.3d 240 (Okla. 2021). Therefore, the Governor's continued attempts to enforce the illegal compacts in this Court ignore settled Oklahoma law. Accordingly, the Governor's actions in this case violate his constitutional duty to faithfully execute Oklahoma law.

Moreover, I have a statutory duty "[t]o monitor and evaluate any action by the federal government… to determine if such actions are in violation of the Tenth Amendment to the Constitution of the United States." Okla. Stat. Ann. tit. 74, § 18b(A)(25). In an unprecedented betrayal of Oklahoma's sovereignty, the Governor has inexplicably aligned himself with the federal government in seeking to use federal law to force Oklahoma to honor illegal compacts that

---

[3] It should be noted that the Letter from the Speaker of Oklahoma House of Representatives (Ex. B) suggests that I have expressed an inability to take over the litigation without support of the Legislature. To be clear, as outlined in this Entry of Appearance, I believe that I can take this action on my own initiative. However, due to the extraordinary nature of my actions in this case, I felt it was prudent to obtain the consent of the Legislature before entering an appearance in this case.

unquestionably violate Oklahoma law. The President Pro Tempore of the Oklahoma Senate recently aptly summarized the problem with the Governor's actions:

> In short, the Governor has used th[is] Federal Lawsuit to argue that Oklahoma law can be ignored because he believes federal law endows him with the singular authority to unilaterally bind the state to illegal gaming compacts— an argument that is in clear violation of the separation of powers and deeply at odds with the very notion of federalism.

Exhibit 1. Therefore, as the chief law officer of Oklahoma, I am compelled to take this extraordinary action to put an end to the Governor's betrayal of his duty to "cause the laws of the State to be faithfully executed" and prevent the Governor's continued evisceration of Oklahoma's Tenth Amendment rights.

Accordingly, I deem it advisable and in the best interests of the State of Oklahoma to take and assume control of the defense of the State's interests in the above-entitled cause.

Thus, pursuant to LCvR 83.6(a), I enter my appearance as counsel in this case for J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma, solely for the purpose of protecting the interests of the State of Oklahoma.[4]

I am registered in this Court's Electronic Filing System.

July 25, 2023.

*s/ Gentner F. Drummond*
GENTNER F. DRUMMOND, OBA #16645
   *Attorney General*
GARRY M. GASKINS, II OBA #20212
   *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF OKLAHOMA
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (fax)
Gentner.Drummond@oag.ok.gov

---

[4] To be clear, my client in this case is the real party in interest, the State of Oklahoma, not the Governor.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/ *Gentner F. Drummond*