# Exhibit 1

# Oklahoma State Senate

Greg Treat
President Pro Tempore



July 18, 2023

*Via Email*

The Honorable Gentner Drummond
Attorney General of the State of Oklahoma
313 NE 21st Street
Oklahoma City, OK 73105

      **Re:** *The Cherokee National et al., v. United States Department of Interior et al.*

Dear Attorney General Drummond:

      I am writing to express my support and request for your intervention on behalf of the State of Oklahoma in the federal lawsuit, *The Cherokee National et al., v. United States Department of Interior et al.*, U.S. District Court for the District of Columbia, Case No. 20-2167 (the "Federal Lawsuit").

      Once again, the legislative branch is compelled to intervene because of the actions of a Governor who refuses to respect Oklahoma law and the Constitutional restraints on his power. As a conservative, I believe that rights not specifically delegated to the federal government belong to the states. But it has become clear, once again, that the Governor disagrees with this bedrock principle as has spent thousands (if not millions) of Oklahoma taxpayer dollars to argue for the supremacy of a federal statute in direct opposition to Oklahoma law and two decisions of our Supreme Court.

      As you are aware, in 2020 the Legislature was forced to file two separate lawsuits against Governor Stitt related to his execution of four illegal tribal gaming compacts. *Treat v. Stitt*, 2020 OK 64 ("*Treat I*"), *Treat v. Stitt,* 2021 OK 3 ("*Treat II*"). After extensive briefing and argument, the Oklahoma Supreme Court unequivocally declared not once—but twice—that Governor Stitt's actions were unlawful and that the Governor's compacts were unauthorized (and thus ***"invalid"***) under Oklahoma law. All four million Oklahomans should be treated equally under the law. Nobody – not even the Governor – is above the law.

      But in the aftermath of *Treat I* and *Treat II*, despite the clear directives issued from our highest state court, Governor Stitt has continued in his efforts to have compacts approved by the United States federal government. This action has resulted in four tribal nations filing the legal action at issue today, *Cherokee Nation, et al. v. DOI,* against the Governor and the federal government, seeking to have the four gaming compacts set aside due to the fundamental illegality of the agreements under Oklahoma law.

      Throughout the three prolonged years of litigation, Governor Stitt has purported to represent the interests of the State of Oklahoma—yet while so doing, he has asked a federal court in Washington D.C. to

ignore Oklahoma law and the binding decisions by the Oklahoma Supreme Court. **It has thus become clear that the Governor has a conflict: he can either choose to represent the interests of the state or his own personal interests, and I believe he has made his decision clear**.[1]

In one telling example, Governor Stitt declares that "Oklahoma Supreme Court's decisions cannot overrule" the federal government's actions in approving the compacts. At another point in the same document, Governor Stitt fundamentally seeks to undermine Oklahoma law by suggesting that federal law should trump state law related to gaming compacts, stating:

> State-law decisions—and at a minimum decisions like the *Treat* opinions that postdate the Secretary's approval—are not a basis for a court to unwind compacts that are in effect under IGRA. Those decisions have no relevance to the question whether these compacts remain "in effect" under 25 U.S.C. § 2710(d)(1) as a matter of federal law.

Indeed, under the Governor's theory (similar to his positions in *Treat I* and *II* that were unequivocally rejected by the Oklahoma Supreme Court), once he signed the illegal compacts they became "a creature of federal law" that "cannot thereafter be undone by a State's attempt to disavow its obligations under that agreement."

In short, the Governor has used the Federal Lawsuit to argue that Oklahoma law can be ignored because he believes federal law endows him with the singular authority to unilaterally bind the state to illegal gaming compacts— an argument that is in clear violation of the separation of powers and deeply at odds with the very notion of federalism.[2] He clearly is in no position to represent the state's interest in this matter.

As a proud supporter and advocate of federalism, I can no longer stand by and watch Oklahoma taxpayer dollars be spent on high-dollar east coast law firms in pursuit of Governor Stitt's personal agenda at the expense of the state's interests. I have taken an oath of office to defend the Constitution of the State of Oklahoma, and that includes making sure that Oklahoma's elected officials do the same. Okla. Const. art. XV, § 1.

For the foregoing reasons, I have no other option but to request that you intervene in the lawsuit, through whatever means you deem necessary, to defend the interests of the State. I believe the Attorney General possesses this power independent of this request under 74 O.S. § 18b, but please consider this my formal request under § 18b(A)(3) on behalf of the Oklahoma State Senate to assume control of the defense of the state's interest in *Cherokee Nation, et al. v. DOI, et al.* with all required speed and diligence.

Sincerely,

*[signature: Greg Treat]*

Greg Treat
President Pro Tempore

---

[1] Governor Stitt may choose, however unwisely, to retain his own counsel to continue to push his personal agenda, but I do not believe such counsel can or should represent the State's interest in the litigation.

[2] It is without question that Governor Stitt's use of taxpayer resources to fund a legal defense that advocates for a violation of Oklahoma law stands in stark contrast to his Constitutional duty to "cause the laws of the State to be faithfully executed". Okla. Const. art. VI, § 8.