UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------- x
THE CHEROKEE NATION, et al.,              :
                                          :
                Plaintiffs,               :
                                          :
        v.                                :   No. 1:20-cv-02167 (TJK)
                                          :
U.S. DEPARTMENT OF THE                    :
INTERIOR, et al.,                         :
                                          :
                Defendants.               :
                                          :
                                          :
------------------------------------------------------- x
```

## DEFENDANT GOVERNOR J. KEVIN STITT'S OPPOSITION TO OKLAHOMA ATTORNEY GENERAL GENTNER F. DRUMMOND'S MOTION TO CERTIFY

Defendant Governor J. Kevin Stitt, in his official capacity as Governor of the State of Oklahoma, respectfully submits this memorandum in opposition to Oklahoma Attorney General Gentner F. Drummond's Motion to Certify Question to the Oklahoma Supreme Court (ECF No. 183).

### PRELIMINARY STATEMENT

In his zeal to use this proceeding as a platform to launch political attacks against the Governor, Attorney General Drummond has now filed a "motion," purportedly as counsel to the Governor, to certify a question to the Oklahoma Supreme Court. The Motion is another political sideshow. As the Court knows, it has not yet ruled on the Attorney General's unauthorized notice of appearance on behalf of the Governor. At present, the Attorney General is not a party to this litigation, and the Governor (who is a party) says that the Attorney General is not his chosen counsel. The Attorney General accordingly has no more standing to file a motion demanding relief than any other non-party. The Court should deny the Motion on that basis alone, or at most hold the Motion pending its resolution of whether the Attorney General may insert himself into this

litigation over the Governor's objection.

Even assuming the Motion is properly before the Court, it lacks merit. This Court is more than able to resolve the dispute over the Attorney General's appearance without burdening the Oklahoma Supreme Court. Oklahoma law provides in no uncertain terms that the Governor has the authority to retain counsel to represent him in litigation and that he wields the "Supreme Executive power" and cannot be overruled by inferior executive officers. Okla. Const. art. VI, § 2; Okla. Stat. tit 74, § 18c(A)(4)(a). There is thus no "genuine[] uncertain[ty]" that warrants certification. *K&D LLC* v. *Trump Old Post Off. LLC*, 951 F.3d 503, 510 (D.C. Cir. 2020). And certifying a question would ultimately do nothing to resolve the actual dispute in this case, which is between the Plaintiff Tribes and the federal government over whether the *Secretary of the Interior* acted lawfully in the no-action approval of the tribal compacts to which the Plaintiff Tribes and the Attorney General object. Because Oklahoma politics belong in Oklahoma, the Governor respectfully requests that the Court put an end to Attorney General Drummond's grandstanding and deny the Motion.

**ARGUMENT**

**I.    The Attorney General Has No Legitimate Basis To File The Motion.**

The simplest reason to deny the Motion is because the Attorney General has no standing to file it. Because Attorney General Drummond "is not a party in th[e] case," he "lacks standing to bring the motion." *Orion Commc'ns Ltd.* v. *FCC*, 2002 WL 335537, at *1 (D.C. Cir. Jan. 7, 2002); *see Bergman* v. *Mnuchin*, 2017 WL 6886091, at *2 (D.D.C. Oct. 3, 2017) (movant "has no standing . . . because he is not a party to this case"); *United States* v. *8 Gilcrease Lane*, 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (movant "barred from proceeding because he is not a party to this case").

Nor does the Attorney General represent any party in this litigation. Although the Attorney

General has thrust himself into this case by filing an unauthorized "notice of appearance" more than three years into this litigation, Governor Stitt has moved to strike that notice (ECF No. 178), and the Court has not yet ruled on that motion to strike.  The Attorney General had ample opportunity in opposing that motion to explain why he believes his politically motivated attempt to take over the Governor's defense is justified.  He has no legitimate basis to now submit—under the guise of a "motion" purportedly filed as counsel to a party who never retained him—what effectively amounts to an unauthorized sur-reply rehashing his same attacks on the Governor.  Unless and until this Court holds that the Attorney General has any role to play as counsel to a party (or *amicus curiae*), the Attorney General has no basis to demand any relief from this Court.  The Motion should be denied on that ground alone.

**II.     In Any Event, There Is No Reason To Certify Any Question To The Oklahoma Supreme Court.**

On the merits, the Motion fails to demonstrate that certification is warranted or appropriate. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 290 (5th Cir. 2012) (courts exercise their "discretion" to certify "sparingly, certifying only in 'exceptional case[s]'") (citation omitted); 8 Fed. Proc., L. Ed. § 20:636 (Aug. 2023 update) (noting that "[q]uestions that are tied to the specific facts of a case" are particularly inappropriate for certification.).  As the Attorney General acknowledges, certification is appropriate only where "the reviewing court finds itself genuinely uncertain about a question of state law that is vital to a correct disposition of the case before it." ECF No. 183 at 2 (quoting *Owens* v. *Republic of Sudan*, 864 F.3d 751, 812 (D.C. Cir. 2017), *vacated on other grounds*, *Opati* v. *Republic of Sudan*, 140 S. Ct. 1601 (2020)).  The Oklahoma Supreme Court applies the same inquiry under Okla. Stat. tit. 20, § 1602, asking whether there is "established and controlling law on the subject matter" and if the answer would "be dispositive of an issue in pending litigation." *Cont'l Res., Inc.* v. *Wolla Oilfield Servs., LLC*,

510 P.3d 175, 179 (Okla. 2022).

The question the Attorney General asks this Court to certify fails both tests. *First*, the Court should in no way be "genuinely uncertain" about who represents the Governor in this case. As explained in the Governor's motion to strike, the Governor properly exercised his authority under Oklahoma law to appoint counsel of his choice to defend claims against him as a named defendant. *See* ECF Nos. 178, 180; *see also* Okla. Stat. tit 74, § 18c(A)(4)(a) (Governor authorized by law to "employ special counsel to protect the right or interest of the state"). And the Governor has been litigating this case with his chosen counsel and without the Attorney General's involvement for more than two years. The Attorney General has no authority under Oklahoma law to now hijack the Governor's defense given the Governor's express statutory authority and the fact that it is the Governor, not the Attorney General, who holds the "Supreme Executive power," Okla. Const. art. VI, § 2; *see* Okla. Stat. tit 74, § 18b(A)(3) (requiring the Attorney General to "appear at the request of the Governor" when called to do so). "When the law 'provides a discernible path'" to answer a disputed question of state law, this Court does not certify but simply "follow[s] it." *K&D LLC*, 951 F.3d at 510 (citation and alteration omitted).

*Second*, even putting all of that aside, the Attorney General plainly cannot show that the answer to this state-law question he has manufactured is "vital to a correct disposition of" this case, *Owens*, 864 F.3d at 812 (citation omitted), or "dispositive of an issue in [this] pending litigation," *Cont'l Res.*, 510 P.3d at 179. Even if the Attorney General were successful in taking over the Governor's defense and declining to contest the Plaintiff Tribes' claims, that would not resolve this litigation. This APA action seeks relief against the federal government, and the core issue is whether the Secretary of the Interior acted properly in allowing the compacts at issue to go into effect through a no-action approval. *See* ECF No. 154-1 at 1-3. That controversy exists entirely independent of the Attorney General's attempt to interpose himself and create a sideshow

over whether the Governor is entitled to be represented by his chosen counsel. There is thus no reason for the Court to delay this case by certifying the Attorney General's state-law question.[*]

## CONCLUSION

For the foregoing reasons, the Attorney General's Motion to Certify should be denied.

Respectfully submitted,

/s/ Jeffrey B. Wall

| | |
|---|---|
| Phillip G. Whaley | Jeffrey B. Wall |
| RYAN WHALEY | Judson O. Littleton |
| 400 North Walnut Avenue | Zoe A. Jacoby |
| Oklahoma City, OK 73104 | SULLIVAN & CROMWELL LLP |
| | 1700 New York Avenue, N.W., Suite 700 |
| | Washington, D.C. 20006 |
| | (202) 956-7500 |
| | |
| | Austin P. Mayron (*admitted pro hac vice*) |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, New York 10004 |
| | (212) 558-4000 |

*Attorneys for Defendant Governor J. Kevin Stitt*

October 10, 2023

---

[*] To the extent the Court nonetheless decides to certify a question to the Oklahoma Supreme Court, Governor Stitt respectfully submits the following reformulation of the Attorney General's question:

> Whether the Attorney General's authority under Title 74, Section 18 of the Oklahoma Statutes to "assume control of the prosecution or defense of the state's interests" can override the Governor's supreme executive authority under Article VI, Section 2 of the Oklahoma Constitution and statutory authority to appoint special counsel under Title 74, Section 6.

The Governor further requests that, to the extent the Court submits any "facts" relevant to the certification, it decline to include the Attorney General's legal arguments incorrectly cast as "facts" in paragraphs F-L of the Motion.