## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHEROKEE NATION et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 20-2167 (TJK) |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR et al., ) | |
| ) | |
| *Defendants.* ) | |

**OKLAHOMA ATTORNEY GENERAL'S REPLY TO DEFENDANT GOVERNOR J. KEVIN STITT'S OPPOSITION TO OKLAHOMA ATTORNEY GENERAL'S MOTION TO CERTIFY QUESTION TO THE OKLAHOMA SUPREME COURT**

The Oklahoma Attorney General Gentner Drummond respectfully submits his Reply to Defendant Governor J. Kevin Stitt's Opposition to Oklahoma Attorney General's Moton to Certify Question to the Oklahoma Supreme Court [ECF No. 186]. In reply thereof, the Attorney General states as follows:

**A.     The Attorney General Has Standing to Enter His Appearance in This Case.**

This motion involves a dispute about who represents the State of Oklahoma's interests, which is distinct from the Governor's own personal interests. The Governor's argument, *see* ECF No. 186 at 2-3, that the Attorney General's motion should be denied because the Governor "never retained him" therefore relies on a false premise.

Oklahoma law permits the Attorney General "to initiate or appear in any action in which the interests of the state or the people of the state are at issue…." OKLA. STAT. ANN. tit. 74, § 18b(A)(3). Consequently, the Attorney General clearly represents the interests of the State, which is a real party in interest—and which the Governor earlier asserted in the case and adopted legal positions on the dispute before the Court. *see* ECF No. 110 at 2. The Attorney General may consequently appear in this case and has standing to bring a motion to protect the State's interests.

1

The Governor's suggestion to the contrary is wrong. None of the cases the Governor's counsel relies on involves the Attorney General's authority to appear in court to represent the interests of the State of Oklahoma. *See* ECF No. 186, at 2. They instead deal with people or organizations that were not parties to a case and yet sought to file a motion. *See Orion Commc'ns Ltd. v. FCC,* 2002 WL 335537, at *1 (D.C. Cir. Jan. 7, 2002) (standing of Willsyr Communications, a private company that was not a party to the appeal); *Bergman v. Mnuchin,* 2017 WL 6886091, at *2 (D.D.C. Oct. 3, 2017) (standing of former IRS employee who had unsuccessfully sought to intervene in the case); *United States v. 8 Gilcrease Lane,* 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (standing of private individuals who had unsuccessfully sought to intervene).

**B.      Oklahoma Law Is Clear That the Attorney General May Take and Assume Control of the State of Oklahoma's Interests in This Case. However, the Attorney General Believes a Definitive Resolution of This Issue Through Certification of the Question to the Oklahoma Supreme Court Is Prudent.**

The Attorney General agrees with the Governor that Oklahoma law is clear on who controls Oklahoma's interests in litigation. Even before the Attorney General's power was statutorily broadened in 1995, the Oklahoma Supreme Court recognized: "The Attorney General, by statute, 74 O.S.1971 s 18 is the Chief Law Officer of the State. In the absence of explicit legislative or constitutional expression to the contrary, **he possesses complete dominion over every litigation in which he properly appears in the interest of the State**, whether or not there is a relator or some other nominal party." *State ex rel. Derryberry v. Kerr-McGee Corp.*, 1973 OK 132, ¶ 20, 516 P.2d 813, 818 (emphasis added). There is no contrary precedent suggesting this general rule does not apply when the Governor disagrees with the Attorney General. Therefore, Oklahoma law clearly supports the Attorney General's ability to take and assume control of the State's interests in this litigation even over the Governor's objection.

Nevertheless, due to the magnitude of the disagreement between the Governor and Attorney General, and out of concern that questions of state law be definitively resolved in state forums, the

Attorney General reaffirms his request for certification of this issue to the Oklahoma Supreme Court. As demonstrated in the motion, *see* ECF No. 183 at 10-15, certification will "save time, energy, and resources," *Eli Lilly & Co. v. Home Ins. Co.*, 764 F.2d 876, 884 (D.C. Cir. 1985) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)), and resolve "a matter of public importance, in which the" jurisdiction to which the question will be certified "has a substantial interest," *Metz v. BAE Sys. Tech. Solutions & Servs. Inc.*, 774 F.3d 18, 24 (D.C. Cir. 2014) (citing *Schuchart v. La Taberna Del Alabradero, Inc.*, 365 F.3d 33, 37 (D.C. Cir. 2004)).

**C.     The Attorney General's Ability to Take and Assume Control of the State of Oklahoma's Interests in This Case Is Vital to the Correct Disposition of This Case.**

The Governor suggests in his Response that a determination of who controls Oklahoma's defense of this litigation is not vital to a correct disposition of this case. This suggestion is misplaced. This dispute is about who represents a real party in interest in this case–the State of Oklahoma–which is certainly vital to resolution of this case. Further, the Governor neglects to recognize in his Response that "[a] threshold requirement for compacts under IGRA is that they be validly 'entered into' under state law." ECF No. 157 at 35. Under IGRA, "[s]tate law… determine[s] whether a state has validly bound itself to a compact." *Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1557 (10th Cir. 1997).

This Court previously recognized that the Attorney General and Governor have incompatible views on Oklahoma law in this case. ECF No. 157 at 36 (discussing the official Attorney General opinion that the Governor did not validly enter into the subject compacts). Thus, the position ultimately advocated by the State of Oklahoma regarding its laws and whether it validly entered the subject compacts is vital to resolution of this case. Accordingly, a determination of the Attorney General's authority to take and assume control of the defense of Oklahoma's interests herein is vital to the correct disposition of this case.

WHEREFORE, Oklahoma Attorney General Gentner Drummond respectfully requests certification of the question of law to the Oklahoma Supreme as specified in the *Oklahoma Attorney General's Motion to Certify Question to the Oklahoma Supreme Court* [ECF No. 183].

s/ *Garry M. Gaskins, II*
GENTNER F. DRUMMOND, OBA #16645
   *Attorney General*
GARRY M. GASKINS, II, OBA #20212
   *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF OKLAHOMA
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (fax)
garry.gaskins@oag.ok.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/ *Garry M. Gaskins, II*

4