UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHEROKEE NATION et al., )<br> )<br>    *Plaintiffs,* )<br> )<br>v. )<br> )<br>UNITED STATES DEPARTMENT )<br>OF THE INTERIOR et al., )<br> )<br>    *Defendants.* ) | Civil Action No. 20-2167 (TJK) |

## STATE OF OKLAHOMA'S, BY AND THROUGH THE OKLAHOMA ATTORNEY GENERAL, POSITION ON PROPOSED BRIEFING SCHEDULE

The State of Oklahoma, by and through the Oklahoma Attorney General ("OAG"), hereby provides its position on the proposed briefing schedule. The OAG agrees with the following briefing schedule proposed by the other parties in this matter.

- The plaintiffs' motion for summary judgment would be due on October 10, 2025.
- The defendants' oppositions and cross-motions for summary judgment would be due on December 5, 2025.
- The plaintiffs' combined reply in support of their motion for summary judgment and opposition to the defendants' cross-motions for summary judgment would be due on January 9, 2026.
- The defendants' replies in support of their motions for summary judgment would be due on February 9, 2026.
- The appendix pursuant to Local Civil Rule 7(n) would be due on February 23, 2026.

The OAG writes separately to address his continued participation in this case on behalf of the State of Oklahoma. The OAG reserves the right to participate in the summary judgment briefing. After all, the Oklahoma Supreme Court did "not nullify the Attorney General's authority to appear *ex officio* in the present case" and agreed with this Court's "skepticism about extending the Governor's power to unilaterally prevent the Attorney General from appearing in the case." *Cherokee Nation v. United States Dep't of the Interior,* 2025 OK 4, ¶¶ 54 – 54. The Oklahoma Supreme Court similarly made

1

clear: "By virtue of his office, the Attorney General may act independently from the Governor, and represent such segment of the State's interest not represented by the Governor." *Id.* at ¶ 55.

But if the OAG decides to participate in summary judgment briefing in this case, the OAG believes any objection to said participation should be addressed in response to the OAG's brief or in a motion to strike the brief. The OAG does not wish to further delay resolution of the merits of the Plaintiffs' claims through a preliminary fight over who gets to file a brief.

*s/ Garry M. Gaskins, II*
GENTNER F. DRUMMOND, OBA #16645
   *Attorney General*
GARRY M. GASKINS, II OBA #20212
   *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF OKLAHOMA
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (fax)
Garry.Gaskins@oag.ok.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/ *Garry M. Gaskins, II*